**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| M&C HOLDINGS DELAWARE PARTNERSHIP, et al., | Case No. 1:20-cv-00121-SJD-KLL |
| Plaintiffs, | Judge Susan J. Dlott |
| v. | Magistrate Judge Karen L. Litkovitz |
| GREAT AMERICAN INSURANCE COMPANY, | |
| Defendant. | |

**DEFENDANT GREAT AMERICAN INSURANCE COMPANY'S**
**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Great American Insurance Company ("GAIC" or "Defendant"), by and through its undersigned attorneys, files the following answer and affirmative defenses to the Complaint of plaintiffs M&C Holdings Delaware Partnership, M&C Hotel Interests, Inc., M&C Management Services (USA), Inc., CDL Hotels (USA), Inc., and RHM-88, LLC (collectively, "Millennium" or "Plaintiffs").

1.      GAIC admits that Millennium owns and operates hotels in the United States and that it procured a Crime Protection Policy from GAIC.  GAIC is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of paragraph 1 of the Complaint.

2.      GAIC admits the allegations contained in the first sentence of paragraph 2 of the Complaint.  GAIC denies the allegations contained in the second paragraph of paragraph 2 of the Complaint.

3.      GAIC denies the allegations contained in paragraph 3 of the Complaint.

4.      GAIC denies the allegations contained in paragraph 4 of the Complaint.

5.      GAIC denies the allegations contained in paragraph 5 of the Complaint.

6.      GAIC denies the allegations contained in paragraph 6 of the Complaint except admits that the Complaint purports to bring claims for breach of contract, bad faith denial of coverage and a claim for declaratory judgment.

## PARTIES

7.       GAIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8.      GAIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9.      GAIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10.     GAIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11.     GAIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12.     GAIC admits the allegations contained in paragraph 12 of the Complaint except to state that allegations as to its principal place of business state legal conclusions to which no response is required.

## JURISDICTION AND VENUE

13.     Paragraph 13 of the Complaint asserts legal conclusions to which no response is required.

14.    Paragraph 14 of the Complaint asserts legal conclusions to which no response is required.

15.    Paragraph 15 of the Complaint asserts legal conclusions to which no response is required.

### FACTUAL BACKGROUND

16.    GAIC admits the allegations contained in paragraph 16 of the Complaint.

17.    GAIC admits the allegations contained in paragraph 17 of the Complaint.

18.    GAIC admits the allegations contained in paragraph 18 of the Complaint.

19.    GAIC admits that Wayne Merdis ("Merdis") was an employee of one the Millennium entities and that he employed a scheme to steal money.  GAIC denies that Merdis's scheme solely or mostly involved the theft of funds from Millennium, but rather involved mostly the theft of funds Millennium owed to third-party travel agencies.

20.    GAIC admits the allegations of paragraph 20 except states that the majority of Merdis's fraud involved the diversion of commissions owed in connection with legitimate bookings originally made by third-party travel agencies that Merdis instead transferred to the Fictitious Agencies.

21.    GAIC admits that Millennium made payments, either directly or indirectly, to the Fictitious Agencies.  GAIC is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 21 of the Complaint.

22.    GAIC is without knowledge or information sufficient to form a belief as to the first sentence of paragraph 22 of the Complaint.  GAIC denies the allegations contained in the second sentence of paragraph 22 of the Complaint.

23.    GAIC denies the allegations contained in paragraph 23 of the Complaint.

24. GAIC admits the allegations contained in paragraph 24 of the Complaint.

**The Policy**

25. GAIC admits the allegations contained in paragraph 25 of the Complaint.

26. GAIC admits that a copy of the Policy is attached to the Complaint as Exhibit A. GAIC admits that paragraph 26 of the Complaint purports to describe the general terms of the Policy, and GAIC refers to the Policy for its full content, meaning and import.

27. GAIC admits that Millennium gave notice of a loss, at one point demanded payment of $1,954,329.13 and that it submitted a proof of loss after GAIC agreed to several extensions of time to do so. GAIC denies the remainder of the allegations contained in paragraph 27 of the Complaint.

28. GAIC denies the allegations contained in paragraph 28 of the Complaint.

29. GAIC denies the allegations contained in paragraph 29 of the Complaint.

30. GAIC denies the allegations contained in paragraph 30 of the Complaint.

31. Paragraph 31 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

32. Paragraph 32 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

33. GAIC admits that paragraph 33 of the Complaint purports to quote a provision in the Policy and refers thereto for its content, meaning and import. GAIC denies that the quoted provision of the Policy or the Policy is "on Form 087334." GAIC states that the remainder of the allegations of paragraph 33 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

34.     GAIC admits that paragraph 34 of the Complaint purports to interpret the Policy. GAIC denies the import of that interpretation and states that the allegations of paragraph 34 of the Complaint assert legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

35.     GAIC denies the allegations contained in paragraph 35 of the Complaint.

36.     GAIC admits that it has acknowledged that Merdis was an employee of Millennium who employed a dishonest scheme that resulted in the transfer of funds to himself and/or entities he controlled.  GAIC denies the remainder of the allegations contained in paragraph 36 of the Complaint.

37.     Paragraph 37 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

38.     Paragraph 38 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

39.     GAIC admits paragraph 39 of the Complaint purports to refer to a letter dated December 17, 2019, denies the import the Complaint attaches to it, and refers to the document for its full content, meaning and import.

40.     GAIC admits that paragraph 40 of the Complaint purports to refer to a letter dated December 17, 2019, denies the import the Complaint attaches to it, and GAIC refers to that document for its full content, meaning and import.

41.     GAIC admits that paragraph 41 of the Complaint purports to refer to a letter dated December 17, 2019, denies the import the Complaint attaches to it, and refers to that document for its full content, meaning and import.  GAIC states that the second sentence of paragraph 41 of the

Complaint asserts legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

42.     GAIC admits that paragraph 42 of the Complaint purports to refer to a letter dated December 17, 2019, denies the import the Complaint attaches to it, and refers to that document for its full content, meaning and import.

43.     GAIC admits that paragraph 43 purports to describe the Policy, denies the import the Complaint attaches to it, and refers to that document for its full content, meaning and import.

44.     GAIC states that paragraph 44 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, the allegations of paragraph 44 of the Complaint are denied.

45.     GAIC states that paragraph 45 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, the allegations of paragraph 45 of the Complaint are denied.

46.     GAIC states that paragraph 46 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, the allegations of paragraph 46 of the Complaint are denied.

47.     GAIC admits that paragraph 47 of the Complaint purports to refer to a letter dated January 31, 2019, denies the import the Complaint attaches to it, and refers to that document for its full content, meaning and import.

48.     GAIC admits that the first two sentences of paragraph 48 of the Complaint purport to refer to a letter dated January 31, 2019, denies the import the Complaint attaches to it, and refers to that document for its full content, meaning and import. GAIC denies the remaining allegations contained in paragraph 48 of the Complaint.

49.     GAIC denies the allegations contained in paragraph 49 of the Complaint.

**COUNT I**
**(Breach of Contract)**

50.     GAIC incorporates all of the its foregoing responses to all of the foregoing allegations as if fully set forth herein.

51.     GAIC states that paragraph 51 of the Complaint purports to describe the terms of Policy, and GAIC refers to the Policy for its full meaning, content and import.

52.     GAIC admits that Millennium paid premiums pursuant to the Policy. GAIC denies the remainder of the allegations of paragraph 52 of the Complaint.

53.     GAIC states that paragraph 53 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

54.     GAIC states that paragraph 54 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

55.     GAIC denies the allegations contained in paragraph 55 of the Complaint.

WHEREFORE, defendant Great American Insurance Company respectfully requests that the Court enter judgment in its favor and dismiss the Complaint herein with prejudice, and provide such other and relief that the Court deems just, equitable and proper.

**COUNT II**
**(Bad Faith Denial of Coverage)**

56.     GAIC incorporates all of the its foregoing responses to all of the foregoing allegations as if fully set forth herein.

57.     GAIC denies the allegations contained in paragraph 57 of the Complaint.

58.     GAIC denies the allegations contained in paragraph 58 of the Complaint.

59.     GAIC denies the allegations contained in paragraph 59 of the Complaint.

60.     GAIC admits that it determined that a portion of Millennium's claim did not constitute a "loss" under the Policy.  GAIC denies that this determination was "without justification."

61.     GAIC denies the allegations contained in paragraph 61 of the Complaint.

62.     GAIC denies the allegations contained in paragraph 62 of the Complaint.

63.     GAIC denies the allegations contained in paragraph 63 of the Complaint.

64.     GAIC denies the allegations contained in paragraph 64 of the Complaint.

65.     GAIC denies the allegations contained in paragraph 65 of the Complaint.

66.     GAIC denies the allegations contained in paragraph 66 of the Complaint.

WHEREFORE, defendant Great American Insurance Company respectfully requests that the Court enter judgment in its favor and dismiss the Complaint herein with prejudice, and provide such other and relief that the Court deems just, equitable and proper.

## COUNT III
### (Declaratory Relief)

67.     GAIC incorporates all of the its foregoing responses to all of the foregoing allegations as if fully set forth herein.

68.     GAIC states that the allegations of paragraph 68 assert legal conclusions to which no response is required.

69.     GAIC denies that it has any obligation to cover the full amount of the Claim.  GAIC admits that its investigation of Millennium's claim revealed that Merdis committed his fraud in the two manners alleged in paragraph 69 of the Complaint.

70.     GAIC admits the allegations contained in paragraph 70 of the Complaint.

71.     GAIC admits that Millennium did not suffer a loss to the extent that it did not pay legitimate commissions owed to third-party travel agencies.  GAIC denies the remainder of the allegations contained in paragraph 71 of the Complaint.

72.     GAIC denies the allegations contained in paragraph 72 of the Complaint.

73.     GAIC denies the allegations contained in paragraph 73 of the Complaint.

74.     GAIC denies the allegations contained in paragraph 74 of the Complaint.

75.     GAIC admits that paragraph 75 purports to quote the Policy, denies the import the Complaint attaches to it, and refers to the Policy for its contents, meaning and import.

76.     Paragraph 76 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

77.     Paragraph 77 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

78.     Paragraph 78 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

79.     Paragraph 79 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

80.     GAIC admits that it determined that the full amount of Millennium's claimed loss was not covered under the Policy. GAIC denies the remainder of the allegations of paragraph 80 of the Complaint.

81.     Paragraph 81 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

WHEREFORE, defendant Great American Insurance Company respectfully requests that the Court enter judgment in its favor and dismiss the Complaint herein with prejudice, and provide such other and relief that the Court deems just, equitable and proper.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted, either in whole or in part.

## SECOND AFFIRMATIVE DEFENSE

Section A of the Policy provides that GAIC will "pay for **loss** covered by an Insuring Agreement of this Policy that you sustain resulting directly from acts committed or events occurring at any time and discovered by you during the Policy Period." (Emphasis added). Insuring Agreement 1 of the Policy, in turn provides:

> We will pay for **loss** resulting directly from dishonest acts committed by an employee, whether identified or not, acting alone or in collusion with other persons with the manifest intent to:
>
> a.  Cause you to sustain a loss; and
>
> b.  Obtain an improper benefit for:
>
> (1) the employee; or
>
> (2) any person or organization intended by the employee to receive that benefit.  [Emphasis added] [bolding in original omitted]

There is no covered "loss" or manifest intent to cause a loss to the extent that Merdis diverted commissions to himself that were owed to legitimate third-party travel agents whom Millennium did not pay.  Millennium has never provided evidence that it paid those legitimate travel agencies and has since refused to answer whether it did or did not.  Therefore, any "loss" Millennium might have incurred by virtue of Merdis's theft is offset by legitimate liabilities of which Millennium was relieved as a direct result thereof.

### THIRD AFFIRMATIVE DEFENSE

Section E.18 of the Policy under the caption Records states that: "You must keep records of all covered property so we can verify the amount of any loss."  Millennium did not meet this condition with respect to that part of Merdis's theft that occurred between 2001 and 2007 because Millennium lacks documentation from which it can be determined whether commissions during that time period were diverted from legitimate third-party travel agencies or did not involve a legitimate travel agency.  This lack of documentation further prevents Millennium from fulfilling its common law burden to prove its loss and the quantum of its loss.

### FOURTH AFFIRMATIVE DEFENSE

Millennium's claims are barred by the limitations clause set forth in the Policy, Section E.11 of the Policy, under the caption "Legal Action Against Us," which states, in relevant part: "You may not bring any legal action against us involving loss . . . [u]nless brought within 2 years from the date you discover the loss." ("Limitations Clause").  Millennium brought suit more than two (2) years from the date it discovered the loss as sworn to in its Proof of Loss, it did not ask for or receive a tolling agreement during that time period, and there are no acts of GAIC that prevented Millennium from doing so.  It is Millennium's burden to demonstrate that GAIC acted in such a manner that it cannot rely on the Limitations Clause.

### FIFTH AFFIRMATIVE DEFENSE

Millennium's claims are barred, in whole or in part, by the doctrines of *in pari delicto* and/or unclean hands, to the extent that Millennium seeks payment from GAIC for legitimately earned commissions Millennium owes to third-party travel agencies whom Millennium has not paid and has no intention of ever paying.

## SIXTH AFFIRMATIVE DEFENSE

Millennium's claims are barred on the grounds that Millennium suffered an uncovered bookkeeping or theoretical loss to the extent that Merdis diverted legitimate commission payments owed to third-party travel agencies because Millennium has not reimbursed those third-party agencies.

## SEVENTH AFFIRMATIVE DEFENSE

All or part of the Complaint is barred by the indemnity principle of insurance that does not allow the insureds to obtain a windfall from insurers.

## EIGHTH AFFIRMATIVE DEFENSE

All or some of Millennium's claims are barred by the provisions of the Policy.

## NINTH AFFIRMATIVE DEFENSE

All of some of Millennium's claims are barred by the doctrines of laches, estoppel and waiver.

## TENTH AFFIRMATIVE DEFENSE

Millennium's tort claims are barred, in whole or in part, by the economic loss rule.

## ELEVENTH AFFIRMATIVE DEFENSE

GAIC reserves the right to assert additional affirmative defenses and rely on other provisions of the Policy as discovery in this matter progresses.

Respectfully submitted,


/s/ *James Papakirk,* Trial Attorney
James Papakirk (0063862)
Hallie S. Borellis (0076510)
Flagel & Papakirk LLC
50 E-Business Way, Suite 410
Cincinnati, OH  45241
Phone:  513-984-8111
Fax:  513-984-8118
jpapakirk@fp-legal.com
hborellis@fp-legal.com

*and*

Stephen N. Dratch (admitted *pro hac vice*)
Daniel Lebersfeld (admitted *pro hac vice*)
Franzblau Dratch, PC
354 Eisenhower Pkwy.
Livingston, NJ  07039
Phone:  973-992-3700
Fax:  973-994-0139
sdratch@njcounsel.com
dlebersfeld@gmail.com
*Counsel for Defendant Great American*
*Insurance Company*


## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was electronically filed on October 19, 2020, and will be served electronically by the court's CM/ECF system upon all counsel of record.


/s/ *James Papakirk*
James Papakirk (0063862)