# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| M&C HOLDINGS DELAWARE PARTNERSHIP, et al.,<br><br>　　Plaintiffs,<br><br>v.<br><br>GREAT AMERICAN INSURANCE COMPANY,<br><br>　　Defendant. | Case No. 1:20-cv-00121-SJD-KLL<br><br>Judge Susan J. Dlott<br><br>Magistrate Judge Karen L. Litkovitz |

**JOINT DISCOVERY PLAN AND STATUS REPORT PURSUANT TO RULE 26(F)**

Now come all parties to this case, by and through their respective counsel, and hereby jointly submit to the Court this Joint Discovery Plan, pursuant to the Court's Pretrial Procedure Outline.

The parties conducted an initial discovery conference on May 27, 2020, attended by attorneys Bryce Lenox and David Ogles for Millennium, and attorneys James Papakirk, Daniel Lebersfeld, and Stephen Dratch for Great American.

**1.　　MAGISTRATE CONSENT**

The Parties do not unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c).

**2.　　RULE 26(A) DISCLOSURES**

The parties do not currently anticipate seeking leave to make changes to the timing, form, or requirement for disclosures under Rule 26(a). All disclosures required by Rule 26(a)(1) have been made by the parties hereto.

3.  **DISCOVERY ISSUES AND DATES**

    A.  **Describe the subjects on which discovery is to be sought and the nature, extent, and scope of discovery that each party needs to: (i) make a settlement evaluation; (ii) prepare for case dispositive motions; and (iii) prepare for trial:**

Plaintiffs state as follows:

Millennium's complaint asserts that Millennium submitted a valid insurance claim for approximately $1.9 million, and Defendant (insurer Great American Insurance Company) denied the claim without reasonable justification. They assert counts for breach of contract (Count I), bad faith denial and delay (Count II), and declaratory judgment regarding coverage (Count III).

Prior to this status report and Judge Dlott's disposition of Defendant's objections to Magistrate Judge Litkowitz's Report and Recommendation denying Defendant's motion to dismiss, the parties agreed to exchange and respond to targeted discovery requests. The parties have exchanged documents and responsive answers such initial discovery. Millennium is in the process of reviewing and analyzing Great American's production and responses.

Millennium believes that the Court's ruling denying Defendant's motion to dismiss has substantially streamlined discovery on liability issues — particularly the discovery that could be properly directed to Millennium. Great American's communications prior to litigation and now its discovery responses and pleadings indicate that there is no dispute that dishonest acts of an employee of Millennium caused Millennium to disburse funds belonging to Millennium to the employee and/or sham entities he controlled.

Accordingly, on November 9, 2020, Millennium filed a motion to strike Great American's affirmative defenses. Millennium also intends to file in coming days a motion for

2

partial summary judgment that the claim tendered to Great American is covered by the insurance policy as a matter of law. As argued in such motions, Millennium submits that there are no genuine issues of material fact precluding judgment in Millennium's favor on this issue.

Based on the above, Millennium believes the primary issues requiring discovery are threefold: (1) whether words and acts by Great American gave rise to waiver of the limitation clause or otherwise rendered it unenforceable (Count I and III); (2) the reasonableness of Great American's justification for the delay and denial of Plaintiff's valid insurance claim (Count II); and (3) Great American's motive and state of mind in denying the claim, relating to the claim for punitive damages against Great American (Count II). Millennium also expects to take discovery of facts that will provide proper context and background to the jury regarding insurance claims and claim handling. Millennium believes that the materials submitted to Great American during the adjustment process are sufficient to establish liability and damages in Count I, and that responding to extensive discovery regarding coverage and quantum would be cumulative and inappropriate. *See* Fed. R. Civ. P. 26(b) (setting forth proportionality test, including relative access to information and importance of additional information to issues in the case).

Further, depending on the records and defenses available to Defendant, this case may involve third-party discovery. Potentially relevant documents regarding Defendant's bad faith and waiver of its limitation clause may exist in the possession of third parties, such as TD Davidson CPA and Aon plc.

**TD Davidson CPA.** TD Davidson CPA is the accounting firm that supported Defendant's investigation of Plaintiffs' claim prior to litigation, and Defendant's interrogatories have identified certain TD Davidson CPA personnel as persons with relevant knowledge. Plaintiffs are presently unaware as to whether Defendant believes some or all documents within

the exclusive possession of TD Davidson CPA exist within the control of Defendant. Such documents and information may need to be obtained via subpoena.

**Aon plc** acted as Plaintiffs' insurance broker and claim recovery specialist during the investigation of Plaintiffs' insurance claim. Plaintiffs were not parties to many of the communications between Aon plc and Defendant. Plaintiffs do not believe documents or information in Aon plc's exclusive possession are within Plaintiffs' control. To the extent relevant documents exist, such documents will need to be obtained by subpoena.

Potentially relevant documents may exist in the possession of additional third parties such as **Wayne Merdis** and the **New York law enforcement authorities**. Plaintiffs have reason to doubt that material held by New York law enforcement authorities can be obtained via FOIL (the New York version of FOIA), as such information may be protected grand jury materials. Mr. Merdis is unlikely to be a cooperative witness, and judicial assistance may be required to compel production of any relevant documents or information he may still possess.

In addition to document productions, Plaintiffs intend to take depositions of party and third-party witnesses, and to serve Requests to Admit and additional Interrogatories.

<u>Great American states as follows:</u>

While Great American does not agree with many of Plaintiffs' characterization of events to date, Great American will address those characterization and assertions at the proper time and in the proper manner set forth by this court's order or the applicable rules. For example, on November 9, 2020, Plaintiffs filed a motion to strike certain affirmative defenses raised in Defendant's Answer. Great American will oppose that motion within the time prescribed by the local rules. If the motion is not denied in its entirety, Great American reserves the right to seek leave to amend its Answer.

Great American may move for bifurcation and, in that case, recommends that discovery be bifurcated between Plaintiffs' coverage claims and Plaintiff's bad faith claim.  The parties have already provided initial disclosures and have exchanged targeted discovery requests along with responses to those requests. There is currently a dispute concerning the scope of what Plaintiffs are obligated to provide in response to Great American's initial targeted requests.  Specifically, Great American disagrees with Plaintiffs' position that the Court's decision on a motion to dismiss somehow limits Plaintiff's obligation to provide discovery.  If the parties are unable to resolve that dispute, they will inform the court if intervention is needed.  Based on the information exchanged in the targeted discovery requests, the parties may engage in additional discovery and will then proceed to take depositions of party and non-party witnesses.  Great American parties anticipates conducting discovery on the following subjects: Plaintiffs' proof of claim; coverage under the policy; the contractual limitations applicable to Plaintiffs' claims; amounts of claimed loss under the policy; and any claims or defenses asserted in Plaintiffs' Complaint and Great American's Answer, excluding any discovery on Plaintiffs' bad faith claim, which would be the subject of a request for bifurcation.

**B.**     **Discovery of Electronically Stored Information.**

The parties have discussed disclosure, discovery, and preservation of electronically stored information, including the form or forms in which it should be produced.

*(i) The parties have electronically stored information in the following formats:*

<u>Millennium states as follows</u>:

Millennium has potentially relevant electronically stored information in Outlook email, Microsoft Excel, and PDF, and possibly Microsoft PowerPoint and various image formats (JPG, PNG).  Millennium is currently unaware of potentially relevant documents or information that

are stored in proprietary formats, or otherwise require special consideration. Millennium has requested that, where the storage of such files in the usual course permits, Great American comply with certain ESI specifications in Great American's production of documents.

Great American states as follows:

Great American has potentially relevant information in the form of emails and PDFs. However, Great American uses a platform where documents generated on a file are automatically stored in a format other than the native format and any potentially relevant information would be furnished in the format in which the platform generates them.

*(ii) The case presents the following issues relating to disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced:*

The parties anticipate no issues regarding ESI. Should any issues arise, the parties will address them at that time.

    **C.**    **Claims of Privilege or Protection.**

**Yes**, the parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evid. 502.

    *(i)    The case presents the following issues relating to claims of a privilege or of protection as trial preparation materials:*

Millennium states as follows:

Under *Boone v. Vanliner Ins. Co.*, "in an action alleging bad faith denial of insurance coverage, the insured is entitled to discover claims file materials containing attorney-client communications related to the issue of coverage that were created prior to the denial of coverage. At that stage of the claims handling, the claims file materials will not contain work product, i.e., things prepared in anticipation of litigation, because at that point it has not yet been determined

whether coverage exists." 2001-Ohio-27, 91 Ohio St. 3d 209, 213–14; *Decker v. Chubb Nat'l Ins. Co.*, 2015 WL 5954584, at *3 (S.D. Ohio Oct. 14, 2015) (Litkovitz, Mag. J.), report and recommendation adopted, No. 1:15CV88, 2015 WL 6872937 (S.D. Ohio Nov. 9, 2015) (Dlott, J.) ("Accordingly, the Court finds the Boone exception to the attorney-client privilege applies to the claims file in this case.").

Millennium has reviewed Great American's privilege logs, and believes such logs indicate that responsive communications between Great American's claim adjuster and its outside counsel prior to denial of the claim may have been withheld notwithstanding *Boone*. Millennium also anticipates potential privilege issues related to likely third-party subpoena recipients. The parties intend to meet and confer in an attempt to amicably resolve these issues, prior to seeking judicial assistance.

Great American states as follows:

Great American is aware of and familiar with *Boone* and its progeny and is of the view that they do not apply to this case. The parties have exchanged privilege logs. Defendant is still studying Plaintiff's privilege log and may challenge certain designations.

> (ii) Have the parties agreed on a procedure to assert such claims AFTER production?

On November 9, 2020, the parties exchanged privilege logs with respect to their responses to the initial, targeted requests. The parties will coordinate and attempt to reach an accord with respect to privilege logs in connection with future productions.

**D.     Bifurcation:**

Millennium states as follows:

Millennium opposes any stay or bifurcation of discovery or issues, as it would serve only to delay the administration of justice and introduce inefficiency and waste into this process. *See* Fed. R. Civ. P. 1.

Great American states as follows:

Great American may move for bifurcation and a stay on discovery related to Plaintiff's bad faith claim pending any such motion for bifurcation of the issue.

 E. **Disclosure and report of plaintiff expert(s) by**: The parties disagree regarding the appropriate deadlines in this matter. Please see Exhibit A, attached.

 F. **Disclosure and report of defendant expert(s) by:** The parties disagree regarding the appropriate deadlines in this matter. Please see Exhibit A, attached.

 G. **Discovery cutoff:** The parties disagree regarding the appropriate deadlines in this matter. Please see Exhibit A, attached.

 H. **Anticipated discovery problems:**

Millennium states as follows:

Based upon Great American's responses to date, Millennium anticipates disputes relating to the scope of discovery into the financial and/or other motives and reasons Great American and its employees and agents delayed or denied the Millennium's claim, among other topics. As above, Millennium anticipates potential disputes relating to privilege claims asserted by Great American. Millennium will attempt to meet and confer with Great American regarding these issues and may seek judicial assistance to compel production of such information, consistent with the process required by the Court's standing orders and local rules.

Millennium is also concerned that Great American has issued discovery and raised defenses based upon the "bookkeeping loss" theory rejected by this Court. Great American has

also purported to reserve the right to assert new defenses based on unidentified provisions of the policy; Millennium is concerned that Great American will attempt to use this reservation as a basis to conduct a fishing expedition for new defenses that were not raised or identified in the lengthy adjustment process. Millennium intends to object to and/or seek a protective order to the extent Great American pursues discovery in support of rejected legal contentions and unidentified defenses. If allowed, such discovery would greatly increase the expense, time, and complexity of this litigation far out of proportion to the importance of the facts that would be obtained. Millennium also believes that the relief requested in its motion to strike and upcoming motion for partial summary judgment, if granted, would effectively foreclose such offending discovery.

<u>Great American states as follows:</u>

There is currently a dispute concerning the scope of what Plaintiffs are obligated to provide in response to Defendant's initial targeted requests. It appears to Great American that the primary discovery dispute will relate to whether the denial of its Rule 12(b)(6) motion resolved the coverage issue conclusively in Plaintiffs' favor. Great American asserts that it did not, but that even if it did, discovery relating to coverage is relevant to the contractual limitations defense and Plaintiffs' bad faith claim. In addition, a fully developed factual record would be necessary if an appeal is eventually taken by either party. If the parties are unable to resolve their discovery dispute, they will inform the court if intervention is needed.

4. **LIMITATIONS ON DISCOVERY**

    A. **Changes in the limitations on discovery**

The parties do not currently anticipate the need for any changes to the limitations on discovery set forth in the Federal Rules of Civil Procedure.

B. **Protective Order**

The parties have raised the need to file a draft protective order based upon the form protective order available on the website for the United States District Court for the Southern District of Ohio. Any stipulated order filed with the Court will be in compliance with *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan,* 825 F.3d 299 (6th Cir. 2016).

5. **OTHER COURT ORDERS UNDER RULE 26(C) OR RULE 16(B) AND (C)**

Attached as Exhibit A hereto, the parties have summarized their positions on the appropriate deadlines requested in the Court's form status report.

Millennium states as follows:

Millennium respectfully requests that the Court enter the schedule requested by Millennium in Exhibit A. Plaintiffs anticipate seeking leave to amend the complaint to conform the pleadings to facts discovered or occurring on or after the filing of the complaint, and to clarify the remedies sought from Defendant. Millennium believes its proposed schedule affords ample time to achieve the key milestones in the case, and that genuine COVID-related delays would be better addressed by future orders from the Court, if they materialize.

Great American states as follows:

Great American respectfully requests that the Court enter the schedule requested by Great American in Exhibit A. Great American's proposal takes into account, among other things, briefing that needs to take place on Plaintiffs' pending motion to strike, any bifurcation of issues, apparent and anticipated discovery disputes, not to mention COVID considerations such as potential lockdowns in New Jersey, where Great American's counsel is located, and in other states, and the availability of witnesses and the means and manner through which discovery can take place.

Respectfully submitted,

Dated: November 25, 2020

| | |
|---|---|
| */s/ David J. Ogles* | /s/ *James Papakirk* |
| Attorney for Plaintiffs | Attorney for Defendant |

Daniel A. Dorfman (admitted pro hac vice)
David J. Ogles (admitted pro hac vice)
FOX SWIBEL LEVIN & CARROLL LLP
200 W. Madison Street, Suite 3000
Chicago, IL 60606
ddorfman@foxswibel.com
dogles@foxswibel.com

and

Bryce A. Lenox
THE LAW OFFICE OF BRYCE A. LENOX, ESQ. LLC
3825 Edwards Road, Suite 103
Cincinnati, OH 45209
bryce@brycelenoxlaw.com

*Counsel for Millennium Plaintiffs*

James Papakirk (0063862)
Hallie S. Borellis (0076510)
Flagel & Papakirk LLC
50 E-Business Way, Suite 410
Cincinnati, OH 45241
Phone: 513-984-8111
Fax: 513-984-8118
jpapakirk@fp-legal.com
hborellis@fp-legal.com

and

Stephen N. Dratch (admitted pro hac vice)
Daniel Lebersfeld (admitted pro hac vice)
Franzblau Dratch, PC
354 Eisenhower Pkwy.
Livingston, NJ 07039
Phone: 973-992-3700
Fax: 973-994-0139
sdratch@njcounsel.com
dlebersfeld@gmail.com

*Counsel for Defendant Great American Insurance Company*

## Exhibit A
### (Proposed Deadlines)

**Millennium respectfully requests that the Court enter the following schedule for discovery, dispositive motions, and trial.**

| | |
|---|---|
| **Amendment of Pleadings** | February 12, 2021 (unless based on discovery received after such date) |
| **Close of Fact Discovery** | May 3, 2021 |
| **Plaintiff Expert Disclosures** | June 1, 2021 |
| **Defendant Expert Disclosures** | July 1, 2021 |
| **Rebuttal Expert Disclosures** | August 16, 2021 |
| **Close of Expert Discovery** | October 1, 2021 |
| **Dispositive Motions** | November 1, 2021 |
| **Pre-Trial Conference** | February - March, 2022 |

**Great American respectfully requests that the Court enter the following schedule for discovery, dispositive motions, and trial.**

| | |
|---|---|
| **Amendment of Pleadings** | December 31, 2020 |
| **Close of Fact Discovery** | September 3, 2021 |
| **Plaintiff's Initial Expert Disclosures** | October 1, 2021 |
| **Defendant's Initial Expert Disclosures** | November 1, 2021 |
| **Rebuttal Expert Disclosures** | December 1, 2021 |
| **Close of All Discovery** | February 4, 2022 |
| **Dispositive Motions** | March 31, 2022 |
| **Pre-Trial Conference** | June-July 2022 |