IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| M&C HOLDINGS DELAWARE PARTNERSHIP, et al.,<br><br>   Plaintiffs,<br><br>v.<br><br>GREAT AMERICAN INSURANCE COMPANY,<br><br>   Defendant. | Case No. 1:20-cv-00121-SJD-KLL<br><br>Judge Susan J. Dlott<br><br>Magistrate Judge Karen L. Litkovitz |

**DEFENDANT GREAT AMERICAN INSURANCE COMPANY'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Defendant Great American Insurance Company ("GAIC" or "Defendant") hereby serves its answers and objections to Plaintiff's First Set of Interrogatories (collectively, "Interrogatories," individually, "Interrogatory") pursuant to Fed. R. Civ. P. 26 and 33.

**GENERAL ANSWERS AND OBJECTIONS**

1.  The following answers are based only upon such information and documents that are presently available to and specifically known to GAIC and disclose only those contentions that presently occur to GAIC.  Further discovery, independent investigation, and legal research and analysis may supply additional facts, and meaning to known facts, as well as establish entirely new factual conclusions, all of which may lead to substantial additions to, changes in, and variations from the answers set forth herein.  The following answers and/or objections are made solely for the purpose of responding to the Interrogatories.  Each answer is subject to any and all objections as to confidentiality, relevance, materiality, propriety, and admissibility, and all objections and grounds that would require the exclusion of any statement contained in any answer if such request

were asked of, or any statement contained therein were made, by a witness present and testifying in court, all of which objections and grounds hereby are reserved and may be interposed at the time of trial.

2. All general objections, reservations and answers are continuing in nature and are incorporated into each of GAIC's answers below. The enumeration of specific objections, reservations and answers to definitions, instructions, or requests is not a waiver of other applicable objections. GAIC reserves the right to make any appropriate objections, reservations or answers at any hearing or trial of this matter.

3. GAIC objects to each instruction, definition and Interrogatory to the extent that they purport to impose any requirement or discovery objection greater than or different from those under the Federal Rules of Civil Procedure and the applicable local rules and Orders of the Court.

4. GAIC objects to each instruction, definition and Interrogatory to the extent that they purport to impose any requirement or discovery objection greater than or different from those under the Federal Rules of Civil Procedure and the applicable local rules and Orders of the Court.

5. GAIC objects to each definition, instruction, and Interrogatory to the extent that they are overly broad, unduly burdensome, seeks information outside of GAIC's possession, custody or control or that they are not reasonably calculated to lead to the discovery of admissible evidence.

6. GAIC incorporates by reference each and every general objection set forth above into each specific answer set forth below. A specific answer may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific answer does not waive any general objection to that Interrogatory. Moreover, GAIC does not waive its right to amend its answers or to assert additional specific answers to each Interrogatory.

7. The following answers represent the information available to GAIC, and are believed to be true. Further, each answer is given without prejudice to GAIC's right to produce evidence of any subsequently discovered facts that it may later recall or discover. GAIC accordingly reserves the right to change any and all answers herein as additional facts are ascertained, analyses are made, legal research is completed, and contentions are made. This includes the right to assert additional objections or privileges, in one more subsequent supplemental answer(s).

8. The answers provided herein are subject to the right of GAIC to object on any grounds, at any time, to a demand for further answer to these or other Interrogatories.

9. The answers contained herein are made in a good faith effort to respond to the First Set of Interrogatories based upon what is presently known but should in no way be to the prejudice of GAIC in relation to any further discovery, research, and analysis. The fact that GAIC has responded to or objected to any discovery should not be taken as admission that GAIC accepts or admits the existence of any facts set forth or assumed by such evidence, or that such answer constitutes admissible evidence. The fact that GAIC has responded to part or all of any such discovery is not intended and shall not be construed to be a waiver by GAIC of all or any part of any objection to any such request. By making the accompanying answers and objections, GAIC does not waive, and hereby expressly reserves, its right to assert any and all rights as to the admissibility of such answers into evidence in this action, or in any other proceedings, on any and all grounds, including, but not limited to, competency, relevancy, materiality and privilege.

**SPECIFIC RESPONSES AND OBJECTIONS**

1. Identify (by name, title and contact information) the persons and entities who were involved in or supervised the handling, adjusting, or settling of the Claim on behalf of Great

American prior to the commencement of the suit, and describe each person's role and decision-making authority in the process over this period.

**RESPONSE:** GAIC further objects to this Interrogatory on the grounds that it is vague and ambiguous as the terms "handling, adjusting, or settling" are undefined and capable of more than one meaning. GAIC further objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome to the extent that it calls for GAIC to identify every person "involved in . . . the handling, adjusting, or settling of the Claim." Subject to and without waiving any of its objections, GAIC states that John Retinger was initially in charge of handling the Claim from the time notice of the Claim was provided on or about June 23, 2017 until about February 25, 2018 due to his impending retirement. At or around that time, Mr. Retinger's responsibilities were transferred to Tracey Archbold. (Mr. Retinger's and Ms. Archbold's titles and contact information were provided in GAIC's Rule 26(a) disclosures). Ms. Archbold later obtained legal advice from Franzblau Dratch, P.C. regarding the Claim and coverage thereunder. Ms. Archbold reported to Tom Maloney and Timothy Markey for their input regarding GAIC's ultimate disposition of the Claim and at times kept them apprised of the status of the investigation of the Claim. (Messrs. Maloney and Markey's titles and contact information were provided in GAIC's Rule 26(a) disclosures).

2. Identify (by name, title and contact information) the persons or entitles from whom Great American (or an agent acting at its direction) gathered facts in furtherance of the investigation of the Claim, and describe the facts gathered from each such person or entity.

**RESPONSE:** GAIC further objects to this Interrogatory on the grounds that it is vague and ambiguous, overly broad and unduly burdensome in that it can be construed to encompass

4

every person who transmitted any "fact[]" to GAIC during its investigation of the Claim regardless of significance or materiality and to specify every such "fact[]." Subject to and without waiving its objections, GAIC states that all "facts" it gathered were in the form of documents provided to it by Millennium personnel, either directly or through Aon, to Mr. Retinger, Ms. Archbold and/or Mark C. Perlmutter, who, in turn might respond in writing or orally to Aon and/or Millennium for clarification with respect to certain documents or information. (Mr. Perlmutter's contact information was provided in GAIC's Rule 26(a) disclosures). The individuals at Aon and Millennium who provided "facts" and the precise "facts" provided can be discerned from GAIC's Rule 26(a) disclosures and documents in Millennium's possession, custody or control and the burden of determining the answer is the same for both parties.

3. State Great American's justification for not paying the full amount of the Claim prior to the commencement of this suit, and identify any documents forming the factual basis for your response.

**RESPONSE:** GAIC objects to this Interrogatory to the extent it calls for legal conclusions. GAIC further objects to this Interrogatory on the grounds that its overly broad and unduly burdensome in that it can be construed to require a description of each and every document received in the course of its investigation of the Claim. Subject to and without waiving its objections, GAIC states that Merdis committed his fraud using two methods. Under the first (and more widely used) method, Merdis misappropriated commissions owed to third-party travel agencies for legitimate bookings and/or commissions. Under the second (and less widely used) method, Merdis created fraudulent commissions for himself on bookings where there were no legitimate third-party travel agencies involved that would have earned commissions. To the extent

Merdis employed the first method, there is no "loss" because Millennium never paid the legitimate travel agencies. Therefore, money owed to third-party travel agencies is offset by the funds that Merdis diverted to himself, thus merely shifting liability.

Mark Perlmutter determined that the documentation provided by Millennium revealed that Merdis diverted $1,106,865.55 that Millennium owed to legitimate travel agencies from the period of 2008 through 2017. Mr. Perlmutter concluded that during the same period of time, Merdis generated $267,035.90 in fraudulent commissions that were not owed to legitimate travel agencies. Millennium and/or Aon personnel admitted that Merdis's theft involved the misappropriation of commissions owed to legitimate third-party travel agencies in emails exchanges that are produced herewith at GAIC0001056-1057 and 0001085-1086. As noted above, Millennium has provided no proof that it ever paid these third-party travel agencies.

Mr. Perlmutter was unable to determine the quantity of funds Merdis diverted to himself from totally fraudulent bookings versus legitimate travel agency bookings for the period of 2001 through 2007 because that information was "purged" from Millennium's records. Documents evidencing the "purge" of this documentation and the fact that Millennium did not otherwise have documentation to cover the period of 2001 through 2007 include GAIC0001069-1071, and GAIC0002134-2138.

With respect to how Mr. Perlmutter made his calculations, on March 5, 2019, Mr. Furmansky emailed documents to Mr. Perlmutter and explained how it could be discerned which bookings originated with legitimate travel agencies and which did not. On information and belief, Mr. Perlmutter eventually added these figures up, which formed the basis of the calculations set forth in the GAIC's coverage position. Documents demonstrating revealing how Mr. Perlmutter

6

made his calculations are produced herewith, and the burden of identifying those documents is the same for both parties.

Millennium never provided any evidence that it paid earned commissions to legitimate travel agencies that Merdis diverted to himself, which appears to be conceded in an email from Adam Furmansky that is produced herewith as GAIC0002033.

4. For each count asserted in the Complaint, identify the defenses you intend to assert (*i.e.* defenses to coverage, exclusions, conditions precedent, affirmative defenses) and describe the factual bases for each and the communication, if any, in which the defense was communicated to Plaintiffs (also referred to, collectively, as "Millennium") or Aon prior to the commencement of suit.

**RESPONSE:** GAIC further objects to this Interrogatory on the grounds that it imposes duties beyond those required by the Rules of Federal Civil Procedure. GAIC further objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome to the extent that it calls for "all" facts and communications that support GAIC's defenses in this action. Subject to and without waiving its objections, GAIC states it intends to assert at least the following defenses:

    (a) There is no covered "loss" under Insuring Agreement 1 to the extent that Merdis diverted commissions to himself that were owed to legitimate third-party travel agents whom Millennium did not pay. GAIC has yet to receive any evidence of payment to those legitimate travel agents. Therefore, any "loss" Millennium might have incurred by virtue of Merdis's theft is offset by legitimate liabilities of which Millennium was relieved as a result thereof. GAIC further refers to the coverage letters from Stephen N. Dratch and its briefs in support of its motion to dismiss

7

      Millennium's Complaint and its objections to the Magistrate Judge's report and recommendation

  (b) There is no coverage for that part of Merdis's theft that occurred between 2001 and 2007 because Millennium lacks documentation from which it can be determined whether commissions during that time period were diverted from legitimate third-party travel agencies or did not involve a legitimate travel agency.

  (c) Millennium's Complaint is time-barred under Section E(11), under the caption "Legal Action Against Us," which states, in relevant part: "You may not bring any legal action against us involving loss . . . [u]nless brought within 2 years from the date you discover the loss." ("Limitations Clause").  Millennium brought suit more than two (2) years from the date it discovered the loss as sworn to in its Proof of Loss, it did not ask for or receive a tolling agreement during that time period, and there are no acts of GAIC that prevented Millennium from doing so.  It is Millennium's burden to demonstrate that GAIC cannot rely on the Limitations Clause based on the doctrines of waiver and/or estoppel.  GAIC further refers to its briefs in support of its motion to dismiss Millennium's complaint and its objections to the Magistrate Judge's report and recommendation.

  (d) GAIC reserves the right to assert additional defenses and to supplement its foregoing responses.

5.     Identify and produce the written procedures or policies Great American maintains for internal or third-party adjusters to use and/or follow in connection with handling, adjusting or evaluating claims under crime protection policies.

**RESPONSE:** GAIC further objects to this Interrogatory on the grounds that it is vague and ambiguous as the term "adjusters" is undefined and capable of more than one meaning. GAIC further objects to this Interrogatory on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence as GAIC's "written procedures or policies" have no bearing on Millennium's claims or GAIC's defenses. GAIC further objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome to the extent it seeks any and every written document in GAIC's possession that relates to the manner in which claims investigations are to be conducted. Subject to and without waiving its objections, GAIC states that it does not maintain a written "claims manual."

6. Did you reinsure any of the risk that You underwrote for the Policy? If so, please identify the reinsurance company and specific contract personnel, reinsurance treaty and/or contract, and the amounts of coverage that the reinsurer provided.

**RESPONSE:** GAIC further objects to this Interrogatory on the grounds that it seeks information not reasonably calculated to lead to the discovery of admissible evidence as any reinsurance has no bearing on the merits of Millennium's claims or GAIC's defenses.

7. State the reserves Great American established for the Claim over time, if any.

**RESPONSE:** GAIC further objects to this Interrogatory on the grounds that it is vague and ambiguous as the term "reserves" is undefined and capable of more than one meaning. GAIC further objects to this Interrogatory on the grounds that it seeks information not reasonably calculated to lead to the discovery of admissible evidence as the reserves (as GAIC understands that term) have no bearing on the merits of Millennium's claims or GAIC's defenses. GAIC

9

further objects to this Interrogatory to the extent it seeks information protected by the attorney-client and/or attorney-work product privilege.

        Respectfully submitted,

/s/ *James Papakirk,* Trial Attorney
James Papakirk (0063862)
Hallie S. Borellis (0076510)
Flagel & Papakirk LLC
50 E-Business Way, Suite 410
Cincinnati, OH  45241
Phone:  513-984-8111
Fax:  513-984-8118
jpapakirk@fp-legal.com
hborellis@fp-legal.com

      and

Stephen N. Dratch (admitted *pro hac vice*)
Daniel Lebersfeld (admitted *pro hac vice*)
Franzblau Dratch, PC
354 Eisenhower Pkwy.
Livingston, NJ  07039
Phone:  973-992-3700
Fax:  973-994-0139
sdratch@njcounsel.com
dlebersfeld@gmail.com
*Counsel for Defendant Great American Insurance Company*

## **CERTIFICATE OF SERVICE**

      The undersigned counsel for Defendant hereby certifies that a copy of the foregoing was served on the following counsel of record on October 8, 2020 via e-mail:

| | |
|---|---|
| Daniel A. Dorfman | Bryce A. Lenox |
| David J. Ogles | THE LAW OFFICE OF BRYCE A. LENOX, ESQ. LLC |
| FOX SWIBEL LEVIN & CARROLL LLP | |
| 200 W. Madison Street, Suite 3000 | 3825 Edwards Road, Suite 103 |
| Chicago, IL 60606 | Cincinnati, OH 45209 |
| ddorfman@foxswibel.com | bryce@brycelenoxlaw.com |
| dogles@foxswibel.com | *Counsel for Plaintiffs* |
| *Counsel for Plaintiffs* | |

                                              */s/ James Papakirk*
                                              James Papakirk (0063862)

## **VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Dated: _____10/7/20_____     By: _____
                                                                  Tracey Archbold
                                                                  Sr. Claim Director
                                                                  Great American Insurance Group