**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| M&C HOLDINGS DELAWARE PARTNERSHIP, *et al.*, | Case No. 1:20-cv-00121-SJD-KLL |
| Plaintiffs, | Judge Susan J. Dlott |
| v. | Magistrate Judge Karen L. Litkovitz |
| GREAT AMERICAN INSURANCE COMPANY, | |
| Defendant. | |

**JOINT DISCOVERY PLAN AND STATUS REPORT PURSUANT TO RULE 26(F)**

Now come all parties to this case, by and through their respective counsel, and hereby jointly submit to the Court this Joint Discovery Plan, pursuant to the Court's Pretrial Procedure Outline.

The parties conducted an initial discovery conference on May 27, 2020, attended by attorneys Bryce Lenox and David Ogles for Millennium, and attorneys James Papakirk, Daniel Lebersfeld, and Stephen Dratch for Great American. The parties conducted a second set of discovery conferences in the middle of November 2020 and submitted a discovery plan on November 25, 2020. Plaintiffs subsequently filed a motion for partial summary judgment, which the Court granted.

**1.     MAGISTRATE CONSENT**

The Parties do not unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c).

**2.     RULE 26(A) DISCLOSURES**

1

The parties do not currently anticipate seeking leave to make changes to the timing, form, or requirement for disclosures under Rule 26(a). All disclosures required by Rule 26(a)(1) have been made by the parties hereto.

**3.    DISCOVERY ISSUES AND DATES**

> **A.    Describe the subjects on which discovery is to be sought and the nature, extent, and scope of discovery that each party needs to: (i) make a settlement evaluation; (ii) prepare for case dispositive motions; and (iii) prepare for trial:**

Plaintiffs state as follows:

Millennium's complaint asserts that Millennium submitted a valid insurance claim for approximately $1.9 million, and Defendant (insurer Great American Insurance Company) denied the claim without reasonable justification.  They assert counts for breach of contract (Count I), bad faith denial and delay (Count II), and declaratory judgment regarding coverage (Count III).

Millennium believes that the Court's ruling granting partial summary judgment on the issue of coverage has substantially streamlined discovery on liability issues — particularly the discovery that could be properly directed to Millennium.  Millennium thus believes the primary issues requiring discovery are threefold: (1) whether words and acts by Great American gave rise to waiver of the limitation clause or otherwise rendered it unenforceable (Count I and III); (2) the reasonableness of Great American's justification for the delay and denial of Plaintiff's valid insurance claim (Count II); and (3) Great American's motive and state of mind in denying the claim, relating to the claim for punitive damages against Great American (Count II).  Millennium also expects to take discovery of facts that will provide proper context and background to the jury regarding insurance claims and claim handling.

The parties have exchanged documents and responsive answers to initial targeted discovery requests.  Millennium's document requests and interrogatories were intended to explore the three topics noted above.

Much of information in Millennium's possession relevant to the three major discovery topics has been produced:

- In furtherance of their initial document production, Plaintiffs conducted a reasonable search for documents related to the contractual limitations period clause that are within Plaintiffs possession or control, including (i) internal deliberation; and (ii) communications with Aon; and (iii) communications with Great American. Pursuant to this search, Plaintiffs produced non-privileged documents relevant to the limitations clause and waiver issue.  Plaintiffs are unaware of any genuine dispute regarding the completeness of their responses related to this topic.

- Millennium believes that materials already submitted to Great American during the adjustment process (and produced again by the parties in this litigation) established the amount of funds transferred as a result of the Merdis scheme, and that there is no genuine dispute that these amounts were transferred by Millennium in the amount claimed.  Thus, responding to extensive additional discovery regarding quantum of "loss" would be cumulative and inappropriate.  *See* Fed. R. Civ. P. 26(b) (setting forth proportionality test, including relative access to information and importance of additional information to issues in the case).

Great American has indicated it will nonetheless seek broad discovery of "all" documents related in any way to Millennium's insurance claim.  But the Court's summary judgment ruling has obviated the need for virtually all such information that has not been produced already.

Likewise, discovery targeting the insured's private, subjective belief as to the meaning of the Policy cannot be used to establish the insurer Great American's own subjective or objective good faith. Furthermore, it is not appropriate for an insurer to conduct a fishing expedition to manufacture additional affirmative defenses that were not raised at or prior to denial of the claim, particularly now that coverage is conclusively established. Great American must therefore tailor discovery requests to the narrow issues that may properly be put before a jury in this case.

Millennium intends to address apparent deficiencies in Great American's written responses and production with Great American prior to addressing these issues with the Court. Depending on the records and defenses available to Defendant, this case may involve third-party discovery. Potentially relevant documents regarding Defendant's bad faith and waiver of its limitation clause may exist in the possession of third parties, such as TD Davidson CPA and Aon plc.

<u>Defendant states as follows</u>:

While the Court appears to have granted Plaintiffs' motion for partial summary judgment on the issue of coverage, Defendants do not believe that that order should limit discovery in any way. First, Plaintiffs' bad faith claim depends on whether Defendant had an objectively reasonable basis to make its coverage determination. *Retail Ventures, Inc. v. National Union Fire Ins. Co. of Pittsburgh, Pa.*, 691 F.3d 821 (6th Cir. 2012) (holding that under Ohio law, no bad faith claim where insurer's decision was "fairly debatable"). Based on representations that Millennium personnel made to Great American personnel during the early part of the claims process, Great American believes that Millennium internally determined that there might be issues with its claim if Great American discovered that the claim involved bookings made by legitimate travel agents, which would undercut any claim of bad faith. In addition, the Court has already determined Defendant's defense under the limitations clause is still a live issue, and Plaintiffs' internal

4

deliberations regarding the claim and their communications with its broker, Aon, will be relevant to their attempt to avoid the operation of the limitations clause based on waiver and/or estoppel. In addition, Defendant believes that the involvement of legitimate travel agents goes to the issue of damages, based on the Court's ruling on Plaintiffs' motion to strike Defendant's affirmative defenses. Defendant does not believe that production of all documents and information relating to the claim would be unduly burdensome.

Similarly, Defendant disputes Plaintiffs' assertion that their document production covers all communications relevant to the contractual limitations defense, even if the Court were to agree that discovery should be so limited, which it should not. Defendant contends that all of Plaintiffs' correspondence with Aon regarding the claim are relevant to both good faith and the limitations clause for the reasons described above. This correspondence is not privileged and its production is clearly proportional to the needs of the case. Plaintiffs' document production to date consists of a total of 608 pages of documents, many of which are merely different iterations of the same email chain and lengthy spreadsheets, with virtually nothing in the way of internal correspondence between Millennium and Aon that would reveal any internal assessments as to whether the entirety of the claim would be covered, whether Millennium attempted to withhold information from Great American during the investigation, or any specific internal discussions regarding the limitations clause or potential avoidance thereof. Indeed, the fact that Plaintiffs have appeared to cull their production in such a manner is evidence that they have already reviewed a much broader universe of documents for which there would be little additional burden to produce. In any event, Plaintiffs should not be permitted to unilaterally decide which documents are relevant to their attempt to avoid the operation of the Policy's limitations clause.

**B.** **Discovery of Electronically Stored Information.**

The parties have discussed disclosure, discovery, and preservation of electronically stored information, including the form or forms in which it should be produced.

*(i) The parties have electronically stored information in the following formats:*

Millennium states as follows:

Millennium has potentially relevant electronically stored information in Outlook email, Microsoft Excel, and PDF, and possibly Microsoft PowerPoint and various image formats (JPG, PNG). Millennium is currently unaware of potentially relevant documents or information that are stored in proprietary formats, or otherwise require special consideration. Millennium has requested that, where the storage of such files in the usual course permits, Great American comply with certain ESI specifications in Great American's production of documents.

Great American states as follows:

Emails, PDFs, Word documents. Great American Insurance Company uses a platform where claim documents generated on a file are automatically stored in a format other than the native format.

*(ii) The case presents the following issues relating to disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced:*

The parties anticipate no issues regarding ESI. Should any issues arise, the parties will address them at that time.

**C.** **Claims of Privilege or Protection.**

**Yes**, the parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evid. 502.

(i)     *The case presents the following issues relating to claims of a privilege or of protection as trial preparation materials:*

Millennium states as follows:

Under *Boone v. Vanliner Ins. Co.*, "in an action alleging bad faith denial of insurance coverage, the insured is entitled to discover claims file materials containing attorney-client communications related to the issue of coverage that were created prior to the denial of coverage. At that stage of the claims handling, the claims file materials will not contain work product, i.e., things prepared in anticipation of litigation, because at that point it has not yet been determined whether coverage exists." 2001-Ohio-27, 91 Ohio St. 3d 209, 213–14; *Decker v. Chubb Nat'l Ins. Co.*, 2015 WL 5954584, at *3 (S.D. Ohio Oct. 14, 2015) (Litkovitz, Mag. J.), report and recommendation adopted, No. 1:15CV88, 2015 WL 6872937 (S.D. Ohio Nov. 9, 2015) (Dlott, J.) ("Accordingly, the Court finds the Boone exception to the attorney-client privilege applies to the claims file in this case.").

Millennium has reviewed Great American's privilege logs, and believes such logs indicate that responsive communications between Great American's claim adjuster and its outside counsel prior to denial of the claim may have been withheld notwithstanding *Boone*. Millennium also anticipates potential privilege issues related to likely third-party subpoena recipients. The parties intend to meet and confer in an attempt to amicably resolve these issues, prior to seeking judicial assistance.

Great American states as follows:

Great American maintains that certain communications between its claims personnel and its attorneys are subject to the attorney-client privilege. Defendant is aware of and familiar with *Boone* and its progeny and believes the issue can be worked out without need for court

intervention, but states that it reserves the right to move for bifurcation of the bad faith claim.  In addition, Defendant is studying Plaintiff's privilege log and may challenge certain designations.

> *(ii) Have the parties agreed on a procedure to assert such claims AFTER production?*

On November 9, 2020, the parties exchanged privilege logs with respect to their responses to the initial, targeted requests.  The parties will coordinate and attempt to reach an accord with respect to privilege logs in connection with future productions.

**D.      Bifurcation:**

Millennium states as follows:

Millennium opposes any stay or bifurcation of discovery or issues, as it would serve only to delay the administration of justice and introduce inefficiency and waste into this process.  *See* Fed. R. Civ. P. 1.

Great American states as follows:

Great American reserves the right to move for bifurcation on Plaintiff's bad faith claim.

**E.      Disclosure and report of plaintiff expert(s) by**:  The parties disagree regarding the appropriate deadlines in this matter.  Please see Exhibit A, attached.

**F.      Disclosure and report of defendant expert(s) by:** The parties disagree regarding the appropriate deadlines in this matter.  Please see Exhibit A, attached.

**G.      Discovery cutoff:** The parties disagree regarding the appropriate deadlines in this matter.  Please see Exhibit A, attached.

**H.      Anticipated discovery problems:**

Millennium states as follows:

Millennium states that the parties have engaged in preliminary discussions regarding the scope of discovery.

From these discussions, it appears that the parties currently disagree as to the proper scope of additional discovery that can be obtained from Millennium, beyond what has already been produced.  Millennium respectfully refers the Court to the parties' positions in response to Topic No. 3A, which illustrate the parties' core positions on this issue.  Great American also argues that expansive discovery from Millennium is warranted because it can use such information if there is an appeal.  Putting aside that it is speculative at best that any appeal would be decided in Great American's favor (particularly given this Court's reliance on Sixth Circuit precedent in reaching its decision), the Federal Rules of Civil Procedure nowhere authorize parties to seek discovery of evidence that would be relevant only if there is a successful appeal.  Fed. R. Civ. P. 26(b)-(c) (scope of discovery limited to relevant information that is proportional to the needs of the case, including the importance of the issues); Fed. R. Civ. P. 1.

Likewise, it appears the parties currently disagree as to whether Millennium can obtain documents related to Great American's subjective state of mind, knowledge, and motivation in denying and delaying payment on Millennium's insurance claim.  Millennium is seeking punitive damages from Great American in connection with its bad faith denial and delay claim, which will involve proof at trial of  "a positive element of conscious wrongdoing," such as defendant's "conscious, deliberate[,] or intentional" acts or omissions.  *See Bell v. Zurich Am. Ins. Co.*, 156 F. Supp. 3d 884, 891 (N.D. Ohio 2015) (awarding punitive damages against insurer on bad faith claim).  Millennium intends to seek discovery not only related to Great American's state of mind in denying its facially valid insurance claim, but also in Great American's failure to provide its coverage determination until only after the date it now alleges the contractual limitation period had run (a fact from which a jury may infer a conscious attempt to 'sandbag' Millennium and impair its rights based upon a technicality).  The knowledge of the insurer and its personnel

regarding the financial impact of paying this claim, and upon their own personal fortunes, is highly probative to this insurer's knowledge and intent at various stages of the claim adjustment process that Millennium alleges were conducted in bad faith. Ohio Rev. Stat. § 2315(C)(1) (malice may be proven by reference to state of mind held by defendant's employees and agents if defendant ratified or authorized their acts or omissions). Thus, documents and testimony regarding Great American and its personnel's financial motive in denying Millennium's valid insurance claim, and their own internal beliefs regarding the value of the claim notwithstanding the reimbursement it offered to the insured, are relevant to this lawsuit. Discovery relating to these issues is proper, and a protective order could assuage any privacy concerns that may exist.

Millennium agrees with Great American's suggestion that the parties expeditiously resolve disputes related to discovery already propounded and expects that the parties will be able to update the Court on their progress toward this end by the time of the status hearing on April 5. Generally, Millennium also expects that any additional written discovery will be served and responded to in advance of depositions. Millennium respectfully submits that this can be accomplished in a few short months, if the scope of discovery is properly tailored to the remaining triable issues.

Great American states as follows:

There is currently a dispute concerning the scope of what Plaintiffs are obligated to provide in response to Defendant's initial targeted requests.

As noted above, Defendant asserts that the scope of discovery is not altered by the Court's grant of partial summary judgment in light of Plaintiffs' bad faith claim and Defendant's defense under the Policy's limitations clause. In addition, a fully developed factual record would be necessary if an appeal is eventually taken by either party.

10

Defendant also asserts that Plaintiffs are not entitled to discovery relating to the compensation and salaries of Great American personnel based on Plaintiffs' bad faith claim. Under Ohio law, the test for bad faith is an objective one, and therefore the insured's speculation that the insurer's personnel had a specific financial incentive to deny a claim is not relevant. *Zoppo v. Homestead Ins. Co.*, 71 Ohio St. 3d 552, 554, 644 N.E.2d 397, 400 (1994) ("Intent is *not* and has never been an element of the reasonable justification standard [for bad faith].") (emphasis in original). Defendant believes further that information regarding reserves and re-insurance is also irrelevant.

If the parties are unable to resolve that dispute, they will inform the court if intervention is needed, although Defendant suggests resolving all discovery disputes as soon as possible so that discovery can proceed as efficiently as possible. Based on the information exchanged in the targeted discovery requests, the parties may engage in additional discovery and will then proceed to take depositions. The parties anticipate conducting discovery on the following subjects: Plaintiffs' proof of claim; coverage under the policy; amounts of claimed loss under the policy; and any claims or defenses asserted in Plaintiffs' Complaint and Defendant's Answer.

## 4.     LIMITATIONS ON DISCOVERY

### A.     Changes in the limitations on discovery

The parties do not currently anticipate the need for any changes to the limitations on discovery set forth in the Federal Rules of Civil Procedure.

### B.     Protective Order

The parties have raised the need to file a draft protective order based upon the form protective order available on the website for the United States District Court for the Southern

District of Ohio. Any stipulated order filed with the Court will be in compliance with *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan,* 825 F.3d 299 (6th Cir. 2016).

5.      **OTHER COURT ORDERS UNDER RULE 26(C) OR RULE 16(B) AND (C)**

Attached as Exhibit A hereto, the parties have summarized their positions on the appropriate deadlines requested in the Court's form status report.

Millennium states as follows:

Millennium respectfully requests that the Court enter the schedule requested by Millennium in Exhibit A. Plaintiffs agree that a deadline of March 19, 2021 for any party to seek leave to amend its pleadings would be appropriate.

Great American states as follows:

Great American respectfully requests that the Court enter the schedule requested by Great American in Exhibit A. Great American believes that a longer time period to complete fact discovery is needed because of anticipated discovery disputes described above and potential COVID-19 shutdowns in New Jersey where *pro hac vice* counsel is located. Defendant seeks a deadline for amendment of pleadings (or the filing of motions for leave to amend pleadings) of March 19, 2021.

Respectfully submitted,

Dated: March 9, 2021


/s/ David J. Ogles
Daniel A. Dorfman (admitted pro hac vice)
David J. Ogles (admitted pro hac vice)
Fox Swibel Levin & Carroll LLP
200 W. Madison Street, Suite 3000
Chicago, IL 60606
ddorfman@foxswibel.com
dogles@foxswibel.com

and

Bryce A. Lenox
The Law Office Of Bryce A. Lenox, Esq.
LLC
3825 Edwards Road, Suite 103
Cincinnati, OH 45209
bryce@brycelenoxlaw.com

*Counsel for Millennium Plaintiffs*

/s/ James Papakirk
James Papakirk (0063862)
Hallie S. Borellis (0076510)
Flagel & Papakirk LLC
50 E-Business Way, Suite 410
Cincinnati, OH 45241
Phone: 513-984-8111
Fax: 513-984-8118
jpapakirk@fp-legal.com
hborellis@fp-legal.com

and

Stephen N. Dratch (admitted pro hac vice)
Daniel Lebersfeld (admitted pro hac vice)
Franzblau Dratch, PC
354 Eisenhower Pkwy.
Livingston, NJ 07039
Phone: 973-992-3700
Fax: 973-994-0139
sdratch@njcounsel.com
dlebersfeld@gmail.com

*Counsel for Defendant Great American
Insurance Company*

13

**Exhibit A**
**(Proposed Deadlines)**

**Millennium respectfully requests that the Court enter the following schedule for discovery, dispositive motions, and trial.**

| Amendment of Pleadings | March 19, 2021 |
|---|---|
| Close of Fact Discovery | June 15, 2021 |
| Plaintiff Expert Disclosures | July 15, 2021 |
| Defendant Expert Disclosures | August 20, 2021 |
| Rebuttal Expert Disclosures | September 16, 2021 |
| Close of All Discovery | November 1, 2021 |
| Dispositive Motions | November 16, 2021 |
| Pre-Trial Conference | February to March 2022 |

**Great American respectfully requests that the Court enter the following schedule for discovery, dispositive motions, and trial.**

| Amendment of Pleadings | March 19, 2021 |
|---|---|
| Close of Fact Discovery | October 1, 2021 |
| Plaintiff's Initial Expert Disclosures | November 5, 2021 |
| Defendant's Initial Expert Disclosures | December 10, 2021 |
| Rebuttal Expert Disclosures | January 7, 2022 |
| Close of All Discovery | March 11, 2022 |
| Dispositive Motions | May 6, 2022 |
| Pre-Trial Conference | August to September 2022 |