**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| M&C HOLDINGS DELAWARE PARTNERSHIP, et al., | Case No. 1:20-cv-00121-SJD-KLL |
|     Plaintiffs, | Judge Susan J. Dlott |
| | Magistrate Judge Karen L. Litkovitz |
| v. | |
| GREAT AMERICAN INSURANCE COMPANY, | |
|     Defendant. | |

---

### AMENDED JOINT AGENDA REGARDING DISCOVERY DISPUTES

---

Now come all parties to this case, by and through their respective counsel, and hereby jointly submit to the Court this Amended Joint Agenda Regarding Discovery Disputes, pursuant to the Court's April 5, 2021 order and its instructions to counsel transmitted via email on April 20, 2021.

### UPDATE

Subsequent to the hearing, the parties exchanged letters identifying discovery responses they believed to be deficient, and responding to same. On April 14, 2021, the parties held a detailed meet and confer addressing each of these items, attended by attorneys Bryce Lenox and David Ogles for Millennium, and attorneys James Papakirk, Daniel Lebersfeld, and Stephen Dratch for Great American.

The parties are pleased to report that they were able to reach a compromise on many of the items identified in their letters. As an initial matter, the parties intend to agree to a stipulated protective order to facilitate exchange of certain allegedly confidential information. The parties

have also reached compromise positions with respect to Great American's discovery responses to Millennium's requests.  The parties have also entered into certain compromises with respect to Millennium's responses to discovery responses to Great American's requests, and have narrowed the scope of their disagreements.

## REMAINING DISCOVERY ISSUES

Despite counsels' efforts, there remain three categories of discovery disputes: (1) Great American's discovery requests concerning the legitimate travel agents; (2) Great American's discovery requests concerning Millennium's communications with Aon; and (3) whether Millennium properly withheld as privileged certain communications that were sent by or to Aon plc, Millennium's outside insurance broker.   The parties have kept open the possibility of further discussion of these disputes and will inform the Court if there is any resolution with respect to the same.

Great American states further that, at times, it has provided a "summary statement" of its requests instead of quoting specific requests verbatim.  To date the parties have only served "targeted" written discovery requests without the benefit of any so ordered discovery plan, and it is Great American's intent to serve additional written discovery demands following the conference on April 28, 2021.  Great American believes that framing its discovery requests in summary terms is the most efficient way to guide discovery going forward and to avoid any further discovery disputes.  Great American also believes this is consistent with the Court's April 20, 2021 email that the description of Great American's requests "can be a summary statement of the request(s)."

Millennium has explained in meet and confer that it is unable to commit to how it would respond discovery that has not actually been issued.  Nor does Millennium believe it is

appropriate for Great American to ask the Court to issue advisory opinions ordering Plaintiffs to respond to discovery that has not been issued.  Millennium further notes that Great American issued deficiency letters arguing that information should have already been produced, when Millennium believes the information sought in those letters were not actually requested. Nonetheless, Millennium sees the value in heading off potential disputes before they arise, notes that counsel for both parties have engaged in multiple productive conversations regarding the scope of additional discovery, and has provided its position herein regarding Great American's anticipated future requests while reserving the right to consider anew any requests as they are actually worded when propounded.

 The parties set forth their current respective positions on these issues below:

## I. <u>Great American Discovery Requests Regarding Third-Party Travel Agents</u>

### A. Great American's Discovery Requests.

Great American, in summary terms, has requested the following information regarding the third-party travel agents in "targeted" discovery: (i) any demands for payment from a third-party travel agent in connection with the Merdis scheme; (ii) when Millennium first became aware that the Merdis scheme involved third-party travel agents; (iii) when Millennium contends it first informed Great American that the Merdis scheme involved third-party travel agents and to identify the specific communications reflecting the same; and (iv) whether any of the third-party travel agents were paid in connection with the Merdis scheme.  With the exception of romanette (ii) above, Millennium disagrees that this summary accurately states what information Great American specifically called for in its requests, the text of which are framed as instructions to "identify" persons or requests to admit specific factual propositions.  *See, e.g.* Dkt. 40-1 at PAGEID# 444, 446-47.

Great American intends to follow-up on these existing requests and additionally ask: (i) what evidence Millennium has to support any contention that any of the third-party travel agents were paid when it presented and pursued the claim; and (ii) whether there was any dispute as to how Great American handled and calculated the claim once Millennium disclosed that Merdis's scheme not only involved his own fictitious entities but also involved switching reservations from the third-party travel agents.

B.      **Millennium's Responses to Discovery.**

Millennium's responses to discovery regarding the third party agents includes the following documents and information:

- Communications, documents, and data submitted to Great American regarding third-party travel agents during the claim adjustment process.

- In response to the interrogatory asking to "State the date (by month and year) when You first became aware that the Merdis Scheme involved the misappropriation of commission payments owed to Third-Party Travel Agencies," a response stating "Plaintiffs state that on or around September 30, 2018, Plaintiffs caused their insurance broker Aon plc to timely submit documentation that included, among other things, detailed information showing that the Merdis scheme involved reservations placed by third-party travel agencies. Great American is in possession of information showing when it actually reviewed such supporting information."

- Answers to requests to admit stating as follows:

  o   ". . . Plaintiffs deny that it is relevant under the Policy whether Plaintiffs 'told any Third-Party Travel Agency in writing that commission payments owed to them were or potentially were misappropriated by Merdis,' and admit only that they did

not tell any third party travel agency in writing that funds were still owing to them because such funds 'were or potentially were misappropriated by Merdis,' as such a writing would have been inconsistent with Plaintiffs' belief and information that commissions were paid to such agents."

o    ". . . [B]ased upon a reasonable inquiry [Plaintiffs] are presently unaware of any written demand letter from a third party travel agency alleging that commission payments were still owing to them arising from reservations to the Millennium OneUN hotel, circumstances that are consistent with Plaintiffs' belief and information, based upon a reasonable inquiry, that commissions were paid to such agents."

As indicated by the answers to the above requests to admit, Millennium's counsel has indicated during the parties' meet and confer that Millennium has no knowledge of any demands for payment from third-party travel agents. Millennium has also explained that its interrogatory responses are intended to show that Great American had constructive knowledge that the Merdis fraud involved third-party agents on September 30, 2018. Great American has asked for Millennium to provide answers to its existing interrogatories consistent with the above statements, and Millennium will do so.

Millennium has also agreed to amend its interrogatories to provide the date when Millennium's internal risk management team first formed an actual understanding that that the Merdis scheme involved third-party travel agents and to produce documents that triggered such understanding. Millennium will interview such risk management personnel who remain employed by the Plaintiffs, and will engage in a targeted search for documents, producing such non-privileged documents that show when the risk management team formed this understanding.

The parties have not necessarily agreed that "risk management team" is the proper focus of inquiry, and intend to further discuss the parameters of Millennium's search and response so as to permit Great American to evaluate whether Millennium performed a reasonable investigation. The parties do not believe that the Court needs to intervene with respect to this aspect of Millennium's intended amended responses at this time.

It appears that the parties are at an impasse regarding Great American's demands that Millennium provide information regarding whether the third-party travel agents were ever paid and whether Millennium materially disputes Great American's analysis and its calculations as to how much of Merdis's scheme involved bookings made by legitimate travel agents.

### C.    Great American's Position.

For the sake of clarity, Great American provides the following quote from an email written by Millennium's "claim recovery specialist," Adam Furmansky, on July 22, 2019, and which is contained in the record at ECF Doc. # 40-2 at PAGEID 476:

> I've consulted with the insured, and I've confirmed that the statement from my February 20, 2019 email answers the question. Specifically, ' …. Mr. Merdis effectuated his fraud in two ways. The first was to change reservations in which no original travel agency (TA) was assigned to a booking, to a TA associated with himself. The second way in which the fraud was effectuated was by Mr. Merdis changing a reservation from one travel agency to one of his own (e.g. AMEX Travel changed by Mr. Merdis to Annayad).' All reservations were legitimate. *If a TA was entered and changed to one of Mr. Merdis' TA's, then commissions would have been owed prior to the change*. [Emphasis added].

While Great American recognizes that the Court has ruled that there was a "loss" under the Policy irrespective of the methods described by Mr. Furmansky, there can be no doubt that the latter part of Great American's investigation and coverage determination turned on Mr. Furmansky's representations that "commissions would have been owed prior to the change."

Thus, basic information regarding the commissions that "would have been owed" is relevant to Great American's defense of Millennium's bad faith claim, which turns, at least partially, on whether Great American's factual determinations were made in good faith. *See Tokles & Son, Inc. v. Midwestern Indemn. Co.*, 65 Ohio St. 3d 621, 605 N.E.2d 936, 943 (1992) (insurer's denial of a claim is reasonably justified when "the claim was fairly debatable and the refusal was premised on either the status of the law at the time of the denial or the facts that gave rise to the claim"). This includes requiring Millennium to state what evidence it has to refute Great American's conclusion that Millennium provided no proof that legitimate travel agents were paid "commissions [that] would have been owed prior to the change" and if it otherwise questions Great American's calculations regarding the total dollar amount of those commissions that would have been owed. Great American sees nothing burdensome about these requests as they do not require Millennium to search for anything, but only to identify on what basis it contends that Great American's conclusions in this regard might have been mistaken.

D.     **Millennium's Position:**

Millennium's responses are already well beyond what Great American is entitled to receive under Rule 26. Great American has issued an offer to compromise that continues to go well beyond the scope of Rule 26, and appears intended to re-litigate the "bookkeeping loss" issue or fish for ammunition to file an appeal.

The thrust of Great American's position is that it believes Millennium knew about both the travel agent method and the non-travel agent method of fraud, and withheld the information from the adjuster, causing delays in the investigation. This is the only alleged basis for continued discovery into the third party agents. Again, Great American's theory falls apart because it had the data communicating the two methods were employed as of August 2018,

Great American reviewed this data and communicated its view that two methods were used in February 2019, and Millennium confirmed that this was the case a short time thereafter. (February 2019 was months before the date Great American alleges that the policy limitation period expired, on June 24, 2019.) Further, Millennium does not believe that it is relevant whether and when it had actual knowledge that the Merdis scheme involved third party agents. The involvement of third party agents is not a material fact to its coverage as a matter of law, and never was. It could not possibly be bad faith to "withhold" immaterial information that could not even create a triable issue of fact if presented before a federal court.

Nonetheless, without waiving its objections or agreeing to further written responses or document production, **Millennium will amend** its answer to Interrogatory No. 1 **to provide the date on or around when Millennium's internal risk management team formed an actual understanding that the Merdis fraud employed a method that involved real bookings made by legitimate travel agents, and will produce non-privileged documents that triggered the formation of this understanding. Millennium will identify the individual who formed this actual understanding in its responses.** Millennium disagrees with Great American that anything more than this is required, given the volume of information and data already exchanged on this topic compared to the limited importance to the triable issues remaining in the case.

Millennium does not believe that it is required to provide any additional information to Great American regarding the third-party travel agents.

As an initial matter, Millennium disputes that Great American's as-clarified requests are truly comprehended by the language of its interrogatories and requests to admit, which pose loaded questions that Millennium cannot properly answer because their factual premises are untrue. The requests do not call for the information Great American now says it seeks from

Millennium.[1]  It would not be appropriate to compel answers to discovery requests not actually posed to Millennium.

Nonetheless, Millennium performed a reasonable inquiry in response to Great American's interrogatories related to third-party travel agents, and is not aware of responsive information beyond what has been produced.  Millennium is aware of no lawsuits filed by travel agents for underpayment. Millennium's reasonable inquiry did not turn up evidence indicating that any demand letters from travel agents for underpayment attributable to the OneUN Hotel were ever received.  But Millennium is not aware of a central repository where it could easily find demand letters issued to the OneUN Hotel from 2001 to 2017, the years when the Merdis fraud was active.  Millennium also did not form a contemporaneous analysis regarding the breakdown among the travel agent and non-travel agent method of fraud – Millennium informed Great American that the insurer should not have engaged in this allocation in the first place, and did not provide the insurer an alternative allocation before suit was filed other than to say that Great American's inferences *based on the evidence presented in the adjustment process* were unreasonable.

Great American contends that Millennium should state "the dollar amount that Millennium believes is attributable to each method Merdis used" and "what specific evidence Millennium has that the legitimate travel agents were paid."  These topics plainly invade non-

---

[1] For instance, Interrogatory No. 5 asks Plaintiffs to "[i]dentify any and all Third-Party Travel Agencies whose commissions You have reimbursed in connection with the Merdis Scheme."  Notably, this interrogatory does not actually ask what amount was paid, and whether Plaintiffs disagreed with Great American's allocation and why – nor do any other interrogatories or document requests.  Plaintiffs objected to this interrogatory on grounds of relevance (whether or not the agencies were "reimbursed" has no bearing on whether "loss" occurred), burden (as to identify the agencies would require a search through 15 years of records), and proportionality (very limited value in deciding genuine issues).  Plaintiffs also objected "on the grounds that the definition of 'Third-Party Travel Agencies' . . . is misleading and calls for Plaintiffs to adopt Great American's inaccurate contention that the monies at issue were 'diverted from' agencies, when instead the monies were property of Plaintiffs stolen from Plaintiffs. The term 'reimbursed' also presupposes that commission payments went unpaid to legitimate travel agents as a result of the Merdis scheme . . ."  Part of the challenge in resolving these discovery conflicts is a moving target from Great American on specifically what they believe their requests to ask, and that do not appear to account for their objective meaning.

triable issues that were decided as a matter of law.  It is irrelevant how loss was allocated among the method involving legitimate agents and the method not involving such agents, because in either event the Claim was covered.   The entire project of allocating loss as among one or other method is what Millennium is challenging as wasteful, unreasonable, and dilatory, as it had no basis in law and was conceived to deprive Millennium of valid reimbursement for loss.

Furthermore, Great American's requests do not seek materials that were actually communicated to the insurer.  They call for an exhaustive review of paper and electronic records over a 16 year time frame, with no reasonable expectation of finding documents germane to any issues remaining in the case.  Millennium should not be required to dig through old records just to construct a hypothetical allocation position it would have provided to Great American, under the hypothetical world in which Great American communicated its interpretation of the Policy to Millennium in a timely fashion, and the further hypothetical that Millennium agreed with this flawed interpretation and performed an alternative allocation prior to filing suit.  The expense, burden, and time it would take to go through this exercise is far out of proportion to any useful value it would have to this case.

Great American's requests may be a hedge to confirm that Millennium's allegation of bad faith does not extend to the specific numerical breakdown between the Merdis methods – *i.e.*, that more loss should have been allocated to the non-travel agent method (which Great American agreed was covered) than otherwise. Great American certainly could seek far less intrusive means of discovery to obtain Millennium's contentions for purposes of this lawsuit. Millennium's position – again – is that Great American should not have allocated loss among the methods in the first place. Even if Millennium were to later challenge that specific aspect of the adjustment (i.e., not the fact that Great American allocated in the first place, or that doing so delayed the adjustment and coverage determination, but that assuming it was proper to allocate, Great American just did the math wrong), Millennium would need to prove that theory by reference to evidence Great American actually had in its possession or could have obtained from parties other than the insured. Thus, even in the scenario Great American envisions would not entitle it to discovery of facts regarding the travel agents that were not presented during the adjustment process.

## II.     Great American's Request for Communications Between Millennium and Aon

### A.     Great American's Requests.

In Request for Documents No. 3, Great American requested "all communications" between Millennium and Aon relating to the claim. Great American has agreed in principle to limiting the custodians on both the Millennium and Aon that is proportional to the needs of the case in order to reduce the burden of review and production and the need to review materials that are extraneous to the issues of this case. Agreement has not been reached on these custodians.

### B.     Documents and Information Produced by Plaintiffs.

Millennium objected to the request for all communications with Aon related to the Claim based on relevance, overbreadth and burden. Millennium stated it would only produce communications with Aon that "materially relate to (i) Great American's diligence or lack thereof in investigating the claim; or (ii) Great American's acts and words with respect to enforcement of the policy limitation period."

Millennium's total document production thus far has consisted of 608 pages of images and six Microsoft Excel spreadsheets produced in native form, many of which include communications between Aon and Millennium and the documents attached thereto. Millennium notes below that it has provided answers to Requests to Admit that are also relevant to the Court's evaluation of Millennium's discovery responses. Great American disagrees with this position.

Millennium has agreed to expand its search of communications with Aon to at least one additional custodian, and will work with Great American to identify which custodians would be likely to possess documents that are material and non-cumulative, as compared to those already reviewed. Millennium will perform industry-standard de-duplication techniques to avoid reviewing identical documents. Per the above, if non-privileged communications with Aon show when Millennium's risk management team actually formed the understanding that the Merdis fraud involved third-party agents, such communications will be produced. Great American disagrees that any production should be limited in this manner.

Millennium also takes the position that it should be allowed to limit the request further by subject matter. Great American will not agree to limiting communications by subject matter. The parties are at an impasse on the question of whether Plaintiffs must produce "all communications" with Aon related to the Claim, without limitation by subject matter.

### C.      Great American's Position.

As Millennium's "claim recovery specialist" that often acted as an intermediary between insured and insurer, it is highly likely, if not a certainty, that Aon personnel discussed some or all of the following with Millennium: (i) Millennium's obligation to cooperate with Great American's investigation, including the need to supply information regarding the legitimate travel agents; (ii) whether that part of Merdis's scheme that involved bookings made by legitimate travel agents would be covered; (iii) whether Great American's investigation proceeded in a reasonable manner; and (iv) matters relating to the Policy's limitations clause. None of the documents Millennium has produced thus far touch on any of these subjects, and it is readily apparent that Millennium's attempt to limit its production by what it unilaterally contends is relevant to a particular legal claim or defense in order to withhold information it knows will undermine its own claims.  As discussed below, this information is relevant to Millennium's claims of bad faith and its attempt to avoid the operation of the limitations clause, which is not outweighed by any claims of burden or overbreadth, especially considering Great American's willingness to accommodate Millennium in those respects.

*Relevance:*  As discussed previously, Millennium's bad faith claim depends on whether Great American's coverage decision, either on the law or the facts, was reasonable, even if the Court ultimately disagreed with it.  *Tokles & Son, Inc. v. Midwestern Indemn. Co.*, 65 Ohio St. 3d 621, 605 N.E.2d 936, 943 (1992) (insurer's denial of a claim is reasonably justified when "the claim was fairly debatable and the refusal was premised on either the status of the law at the time of the denial or the facts that gave rise to the claim");  *Retail Ventures, Inc. v. National Union Fire Ins. Co. of Pittsburgh, PA*, 691 F.3d 821, 834 (6th Cir. 2012) (there is "no support" under Ohio law for the proposition that "an insurer can deny coverage in good faith *only if* it had reason

to believe that its interpretation was the *only reasonable one*") (emphasis in original). And while the insurer's subjective intent does not matter, pursuant to *Zoppo v. Homestead Ins. Co.* (1994), 71 Ohio St. 3d 552, 554, 644 N.E.2d 397, 359, as a matter of common sense it is at least relevant to the reasonableness of the insurer's disposition of the claim if the *insured* or its "claim recovery specialist" internally believed the insurer's decision was reasonable or defensible, if not actually correct. The information would also be relevant to the extent Millennium argues delay because the communications would shed light on Millennium's own lack of cooperation and its failure to timely submit information material to the claim investigation. As noted above, because Aon acted as Millennium's "claim recovery specialist," it is highly likely that Millennium and Aon discussed, among other things, what impact Millennium's conduct had on the claim investigation as well as the impact the legitimate travel agents would have on the claim and whether it would at least be reasonable for Great American to conclude that that part of Millennium's claim was not covered.

Communications between Aon and Millennium would also be relevant to the Millennium's claim of waiver with respect to the Policy's limitations clause, and Great American's ability to rebut Millennium's attempt to avoid the operation of the limitations clause. To the extent Aon acted as an intermediary between Millennium and Great American during the claim investigation, Aon's communications with Millennium would reveal, among other things, whether Millennium itself attempted to withhold information from Great American and why Millennium did not bring suit sooner or attempt to procure a tolling agreement within the two-year limitations period. These communications would provide insight into the alleged waiver claim and would also reveal why it took Millennium more than a year to submit its proof of loss,

which is directly relevant to any assertion by Millennium that Great American somehow lulled it into not filing suit earlier.

*Millennium's Overbreadth Claim:* Millennium asserts that the request for all communications between it and Aon regarding the claim is overbroad because it would encompass communications that do not relate directly to Great American's defenses or Millennium's remaining claims. Therefore, Millennium has asserted that it need only provide discovery that it unilaterally believes is relevant to its own claims. This is not the standard. Rather Rule 26(b)(1) permits discovery "regarding any nonprivileged matter that is relevant to *any* party's *claim or defense* and proportional to the needs of the case . . . ." (Emphasis added). As described above, communications between Aon and Millennium relating to the claim undoubtedly meet this standard. This is so even if the materials produced might encompass documents that are ultimately not directly relevant to Great American's defenses as "discovery is more liberal than the trial setting." *Pizzuti v. Nashville Hospitality Capital, LLC*, 2:18-mc-0040, 2018 WL 5303061, at *3 (S.D. Ohio Oct. 25, 2018). Thus, relevance in discovery is guided by the concern to "prevent 'fishing expeditions.'" *Id.* (quoting *Conti v. Am. Axle & Mfg., Inc.*, 326 F. App'x 900, 907 (6th Cir. 2009).

There is nothing about Great American's demands for Millennium's communications with Aon that smacks of a fishing expedition. It is quite reasonable to expect that Millennium and Aon did discuss the terms of the Policy, whether it actually suffered a "loss," the claim process and investigation, and whether information regarding the full scope of Merdis's theft could be withheld from Great American. Indeed, Great American's internal records reflect that Millennium initially told Great American that the claim did not involve legitimate travel agents, and Millennium later did not deny that it initially made these representations. (*See* ECF Doc. #

40-2 at PAGEID 461, 474).  Therefore, Great American has reason to believe that Millennium was not disclosing the full extent of Merdis's fraud in hopes that Great American would not discover it, which has only become more likely by Millennium's continued unwillingness to share that information and in resisting uncontroversial, straightforward, and targeted discovery demands.

Millennium's improper claim of overbreadth is also laid bare by the paucity of documents it has produced thus far, and its attempts to give the Court a contrary impression. Specifically, in response to Great American's "targeted" discovery demands, Millennium produced slightly more than 600 pages of documents that consist of multiple reproductions of email chains involving Great American, a handful of internal emails that reflect mundane requests for documents in connection with the investigation of the claim and hundreds of pages of spreadsheets that Great American already has.  By contrast, Great American has already produced 2714 pages of documents, many of which reflect Great American's internal deliberations and will produce additional documents in accordance with *Boone v. Vanliner Ins. Co.*, 744 N.E.2d 154 (2001).  Indeed, Millennium itself requested, and Great American produced, "all" communications between Great American, on the one hand, and Aon and Millennium, on the other, regarding the claim.  Millennium cannot expect discovery to remain a one-way street.

*Burden*:  Given that Millennium's privilege log already contains a large number of communications with Aon, it appears that Millennium's counsel has already reviewed most if not all of the email traffic between Millennium and Aon.  Indeed, Millennium's representations that these communications contain extraneous matters makes it reasonable to conclude that virtually all communications have been reviewed.  Nevertheless, Great American is still willing in

principle to limit the communications to particular custodians from both Aon and Millennium to lessen the burden of production, although the documents that Great American has sought are much more limited in scope than what it has produced without objection. For Millennium to claim that the relatively modest and straightforward discovery Great American seeks is unduly burdensome would essentially make a nullity of Rule 26(b)(1).

> **D.    Millennium's Position.**

Millennium confirms that it is withholding communications between Aon and Millennium pursuant to its objections, though it is not aware of the content of all such communications.

Great American is correct that Millennium has sampled a number of communications with Aon to determine generally what may exist. Millennium previously determined from this sampling that that the vast majority of communications with Aon have no bearing on the remaining triable issues – and would not have been relevant even if the proper interpretation of the Policy was in play. This is not a fact that supports granting broad discovery to Great American. It shows that Great American has made no effort to tailor its requests to the genuinely relevant and narrow issues remaining in the case, in light of the role a broker actually plays in the claim adjustment process.

Furthermore, as noted above, Millennium has responded to requests that do ask for information regarding communications with Aon on specific topics. For instance:

Millennium has also provided the following responses to discovery requests:

- ". . . Plaintiffs did not prior to June 30, 2019 engage in non-privileged communications with Aon stating that 'Aon should request that GAIC enter into a [formal tolling agreement] with the [Plaintiffs] regarding the Claim,' which is

consistent with Plaintiffs' belief that the policy limitation period was not and would not be advanced as an impediment to recovery on their insurance claim under the circumstances."

- ". . . Plaintiffs are presently unaware of any non-privileged communications prior to June 30, 2019 in which Aon discussed with Plaintiffs 'any provision in the policy that purports to limit the time for [Plaintiffs] to bring suit,' which is consistent with Plaintiffs' belief based on GAIC's words, conduct, and omissions that such provisions were not and would not be used as an impediment to Plaintiffs' recovery under the policy."

- In response to interrogatory asking Millennium to state "whether You have notified any third-party of potential liability to You arising out of any contention that the above-captioned lawsuit was not filed within two years of the date You discovered the loss that is the subject of Your Complaint . . ." Millennium responded "no responsive information to this Interrogatory exists."

Great American nonetheless continues to pursue discovery seeking "all" communications between Millennium, on one hand, and Aon, on the other, related to the Claim. The Court's summary judgment ruling substantially limited the scope of discovery properly directed to Millennium. The remaining triable issues in the case hinge upon Great American's words, conduct, and acts, and its justifications for the same. Requests for communications between Aon and Millennium and that do not reveal the information actually available to and/or considered by Great American are not relevant to any claim or defense. Accordingly, Great American's request

18

is overbroad, not tailored to obtain relevant evidence, and will be burdensome to respond to because Aon is Millennium's insurance broker on other matters unrelated to this Claim.

Millennium first objects to producing "all" communications with Aon related to the Claim on the interrelated grounds of overbreadth and relevance. Fed. R. Civ. P. 26(b) limits the proper scope of discovery to materials that are relevant to claims and defenses in the case. Discovery is overbroad when it goes beyond issues relevant to the issues in the case, regardless of the volume of documents that may be at issue. *In re Horvath*, No. 13-34137, 2016 WL 1305289, at *9 (Bankr. N.D. Ohio Mar. 30, 2016) ("The request is overly broad in that the only recipes at issue in this proceeding are the recipes found in or derived from the Recipe Notebook. The TP Defendants' objection is sustained as to Interrogatory No. 3."); *Brooks v. Yates*, No. 1:09-CV-922, 2011 WL 6257684, at *1 (S.D. Ohio Dec. 15, 2011) (sustaining objection to request for "all" disciplinary records involving correctional officers); *Pullen v. Howard*, No. 2:14-CV-104, 2016 WL 4764894, at *18 (S.D. Ohio Sept. 13, 2016) (same), report and recommendation adopted sub nom. Pullen v. C/O Lisa Howard, No. 2:14-CV-104, 2017 WL 44855 (S.D. Ohio Jan. 3, 2017). Courts will sustain overbreadth objections when the request goes beyond the focus of a proceeding where only "narrow issue[s]" remain in the case. *Horvath*, 2016 WL 1305289, at *9 (Bankr. N.D. Ohio Mar. 30, 2016) ("Defendants have failed to show how the requested documents are relevant to any issue to be decided in this proceeding. The court sustains the TP Defendant's objection that document request No. 12 is overly broad and irrelevant."). Requests for "all" documents are generally objectionable on these grounds. *Snead v. Mohr*, No. 2:12-CV-00739, 2014 WL 559072, at *2 (S.D. Ohio Feb. 11, 2014) ("Defendants contend that by seeking 'all documents,' this request is overbroad. Defendants

maintain that they have provided responsive documents, but it impossible to produce all such documents. Defendants' objection is sustained.").

Great American's request for "all" documents related to the Claim, in light of the summary judgment ruling finding no genuine dispute regarding coverage, is plainly overbroad. Millennium responded in good faith by implementing two constraints:  (1) it restricted its search to pre-denial communications in the possession of Janlyn Mahlman, the person in charge of Millennium's risk management functions, and who would have been copied on virtually all material communications with Aon; and (2) limiting the request by subject matter that Millennium agreed is within the scope of discovery.  Millennium has produced numerous communications with Aon pursuant to this request, and Great American should have produced all communications Great American exchanged with Aon by producing its entire Claims File.

With respect to the first constraint, Millennium and Great American agreed that Millennium should expand the scope of its search.  **Millennium will perform searches for communications with Aon that are in the possession of at least one additional custodian.** Great American proposed an initial list of custodians prior to the submission of this Report. Millennium is evaluating that list, and will work to reach a compromise with Great American before the hearing regarding selection of additional custodian(s).  **Great American has also agreed in principle to limit the scope of the request to communications with specific Aon personnel.**  Millennium will also work with Great American to focus this list to relevant personnel who would have engaged in communications about the agreed sub-topics.  Millennium intends to perform industry-standard de-duplication processes over any new custodians to avoid cumulative and/or unnecessary document review.

The parties reached an impasse over the second form of constraint, i.e., limiting the request from "all" communications relating in any way to the Claim, to communications regarding specific subject matter that target the remaining triable issues. Great American's requests are also not limited by timeframe. Millennium has repeatedly – in meet and confer and in writing – asked that Great American limit its request by subject-matter, by some other basis than that the communication relate in some way to the Claim. Great American has refused to do so. In Millennium's view, this indicates that Millennium's search already properly identified the relevant subject matter of communications with Aon that are within the scope of discovery, and thus there is no need to respond with additional topics.

Great American is not only seeking to re-open the door to its "bookkeeping loss" defense, but also to all other parts of the claim adjustment process that plainly are not in dispute. Millennium has explained that many communications with Aon would have related to fact gathering on irrelevant issues, such as whether Merdis was an employee and for how long he served in that role, or whether the funds were actually transferred by Millennium to a third party -- facts that are not in dispute. Great American's requests do nothing to avoid discovery on such issues. Moreover, Great American's interest in this discovery is based upon speculation that specific conversations occurred, and that if they occurred, could possibly be relevant. A fishing expedition for hypothetical discussions is not a proper basis for discovery.

Great American contends that it could use Millennium's discussion of Great American's coverage position to show that Great American's interpretation of the Policy was reasonable. Great American provides no authority showing that the jury may consider such evidence. *Cf. Stefano v. Commodore Cove E., Ltd.*, 145 Ohio App. 3d 290, 295, 762 N.E.2d 1023, 1026–27 (2001) (denying summary judgment to the insurer on bad faith claim, discussing the information

actually furnished to the insurer and what steps it could have taken once apprised of the information); *CSS Publ'g Co. v. Am. Econ. Ins. Co*., 2000-Ohio-1863, 138 Ohio App. 3d 76, 86, 740 N.E.2d 341, 348 (same).  Indeed, Millennium's interpretation was deemed reasonable as a matter of law, and the Court foreclosed Great American's contrary interpretation, also as a matter of law.  Great American cannot contradict this ruling by parol evidence from the insured made years after the policy incepted.  *Sherock v. Ohio Mun. League Joint Self Ins. Pool*, 2004-Ohio-1515, ¶ 16 ("Where a term is ambiguous, parol evidence is admissible to interpret, but not to contradict, the express language of the contract.").  Furthermore, Millennium learned of Great American's actual coverage position in its denial letter dated December 17, 2019.  This affords no basis for Great American to obtain communications made prior to this time.  And because Great American's initial coverage letter was directed to Millennium's attorney and apprised (and surprised) Millennium of the need for litigation, any discussions with Aon regarding this letter would have been led by its external counsel, and would be protected by the attorney work product doctrine.

Rather, Great American seeks a retroactive basis to deny the claim that was not known to Great American at the time of the denial.  That is the *sine qua non* of what Great American specifically ***cannot*** use to defend itself against charges of bad faith.  Great American's denial had to be supported by justifications that existed at the time of the denial, not new justifications manufactured in this litigation.[2]

---

[2] For instance, Great American has no contemporaneous evidence that it denied the Claim due to Millennium's alleged "bad faith."  If that was a genuine basis for denial, Great American could have and should have cited it in its denial letter – after all, all of the relevant facts supposedly supporting this theory came from Great American's own claim file and were submitted as part of the summary judgment record.  These facts did <u>not</u> create a genuine issue of fact on the issue of coverage, and thus cannot be used now to later deny coverage existed.  This is particularly so because Great American made no charge of bad faith when it denied the Claim.  There is no legal basis for Great American to now say its obligation to pay Millennium was excused at the time, based upon new exclusions or duties that it never cited until its coverage position was defeated in Court.

Great American's entire position is premised upon a misguided "good for the gander" theory – if Great American has to produce communications then so must Plaintiffs. The parties' positions could not possibly be more different. For one, Great American has all of its communications in the Claims File and has represented (but has not actually searched to confirm) that all of the material non-cumulative evidence would be found there. This is a burdenless task, not one that would require searches of multiple custodians and extensive review of communications that do not even relate to the Claim, let alone the narrow triable issues remaining in the case. Furthermore, as indicated in *Boone,* there is a strong Ohio policy in favor of full disclosure of the Claims File to the insured in bad faith cases. Seeking the entire claims file is consistent with that policy. Great American has no reciprocal public policy to justify its own requests.

Millennium also objects on the ground of burden and proportionality to the needs of the case. Simply put, Millennium has already identified the categories of communications with Aon that could be plausibly relevant to the narrow triable issues remaining in the case. The search is burdensome because the effort in parsing relevant and non-relevant information – even if expanded to all documents related to the Claim -- is significant. Aon is Millennium's insurance broker on other insurance policies, and also handles renewals and other broker-related activities unrelated to Great American.

Accordingly, Millennium intends to address Great American's arguments by expanding its search of custodians with reasonable parameters as discussed above, and by specifically searching for non-privileged communications with Aon that may have first triggered an actual understanding that Merdis employed a method involving legitimate travel agents (as part of the

search it will conduct to amend its interrogatories as noted above).  Millennium states that Great American is not entitled to communications with Aon regarding any other topic.

## III.  Millennium's Claim of Privilege Over Communications With Its Counsel and Aon

### A.  Great American's Requests.

As above, Great American has requested all communications between Millennium and Aon related to the Claim.

### B.  Documents and Information Produced by Plaintiffs.

Millennium has produced communications between Millennium and Aon as limited by the topics described above.  Millennium does not take the position that all communications with Aon are *ipso facto* entitled to privilege or work product protection.  Millennium has, however, withheld numerous communications on the basis of the attorney-client privilege between Millennium and its inside or outside counsel, and in which Aon is also a recipient or sender of the communication. A copy of Millennium's privilege log is annexed hereto as **Exhibit A**.

In response to Great American's concerns, Millennium will re-review these communications and potentially reconsider whether some of them are privileged and to potentially provide additional details on its privilege log regarding those it will continue to withhold (i.e., details germane to whether waiver occurred).

Great American's view is that all communications with Aon are not privileged.  In the alternative, Great American believes the Court should review these communications *in camera* to determine whether the withheld communications were made for the purpose of providing Millennium with legal advice.  Millennium disagrees that Great American has accurately stated the rule of decision, and that it would not be possible to issue a blanket ruling that all

communications with Aon are not privileged. The parties are at an impasse on this threshold legal issue, and as to whether this issue is ripe for dispute or review by the Court.

### C. Great American's Position.

Millennium concedes that Aon is a third-party, having taken the position that Great American must seek discovery directly from Aon via subpoena. Yet, Millennium has also taken the position in prior correspondence that the inclusion of Aon on attorney-communications does not constitute a waiver because it "was acting as Millennium's representative for purpose of obtaining a recovery on Millennium's insurance [c]laim" having "played a crucial role in the adjustment of the claim, was often the sole party communicating with Great American on Millennium's behalf, and had information necessary for Millennium attorneys to develop and furnish legal advice." Put another way, Aon, who Millennium has interchangeably described as its "broker" or "claim recovery specialist," guided Millennium through the claim process and Great American's investigation, communicated with Great American on Millennium's behalf, and potentially (or likely) advised Millennium with respect to the terms and conditions of the Policy.

The attorney-client privilege is strictly construed against the asserting party and the burden is on the asserting party to prove its applicability. *Tucker v. CompuDyne Corp.*, (Ohio App. 8 Dist., 09-04-2014) 18 N.E.3d 836, 2014-Ohio-3818; *United States v. Krug*, 379 Fed. Appx. 473, 478 (6th Cir. 2010). Communications with a third-party generally result in a waiver of the attorney-client privilege. *Snyder v. Fleetwood RV, Inc.*, 303 F.R.D. 502, 506 (S.D. Ohio 2014). While attorney-client communications made in the presence of an agent of either the client or attorney retain the privilege, *Foley v. Poschke*, 66 Ohio App. 227, 228 (8th Dist. 1940), the third-party agent must actually serve as a necessary intermediary or "interpreter" of technical

concepts for the specific purpose of obtaining legal advice from the lawyer. *See United States v. Robinson*, 5 F. Supp. 3d 933, 938 (S.D. Ohio 2014); *In re Behr Dayton Thermal Prods., LLC*, 298 F.R.D. 369, 373 (S.D. Ohio 2013) (privilege applies to "agents of an attorney who are assisting in rendering legal advice to the client").

Based on these principles, courts have squarely rejected Millennium's claim that a third-party broker that guides the insured through the claims process and interfaces with the insurer as Aon did here qualifies as such an agent of any attorney or to render legal advice. Specifically, in *Cellco P'ship v. Certain Underwriters at Lloyd's London*, No. 05-cv-3158, 2006 WL 1320067 (D. N.J. May 12, 2006), a case remarkably similar to the one at bar, the insured under a crime protection policy retained Aon to submit a claim on its behalf and to otherwise act as an intermediary between the insured and the insurer. In subsequent litigation arising out of the denial of the insured's claim, the insurer argued that communications between the insured's counsel and Aon were improperly withheld as privileged. *Id.* at *4. The court agreed, ruling that "Aon did not act as an agent of the attorney or [the insured] for purposes of providing or interpreting legal advice. While the information and advice provided may have proved helpful, it was not needed to interpret complex issues in order to provide competent legal advice or to facilitate the attorney-client relationship." *Id.* Other courts have similarly held that third-party parties that assist in the claims process do not, as a rule, act for the purpose of obtaining legal advice. *See, e.g.*, *Cardinal Aluminum Co. v. Continental Cas. Co.*, 3:14-CV-857, 2015 WL 4483991, at *3 (W.D. Ky. July 22, 2015) (rejecting claim of privilege for communications between insured and broker where broker's role was to guide insured through the claims process); *Mt. McKinley Ins. Co. v. Corning Inc.*, No. 602454/2002, 2017 WL 1401363, at *8 (N.Y. Sup. Ct. Apr. 17, 2017) (holding communications between insured's counsel and broker

not privileged where broker was "responsible for communicating [the insured's] position to the insurers regarding coverage matters, negotiating written agreements in the coverage disputes, and for reporting to [insured] and [insured's] Legal Department").

During the parties' meet and confer, Millennium's counsel cited *Home Depot U.S.A., Inc. v. G&S Inv./Willow Park, L.P.*, 2001 WL 37121340, at *3 (N.D. Ga. Sept. 27, 2001) and *SavaSeniorCare, LLC v. Starr Indem. & Liab. Co.*, 2019 WL 9806574, at **9-10 (N.D. Ga. Oct. 31, 2019) for the proposition that "[c]ourts recognize that attorney communications with insurance brokers are privileged under these circumstances."  Both of those cases are inapposite as the communications between counsel and the broker in those cases were meant to guide the insured's litigation strategy against the insurer, and hence the communications qualified for work product privilege protection as well.  *See id.*  Here, Millennium has never contended the communications it has withheld had any connection to anticipated litigation as its privilege log reveals.

For these reasons, Great American contends that communications between Millennium's counsel and Aon are not privileged as a matter of law and certainly not on a wholesale basis.  To the extent the Court believes the privilege even applies, Great American contends that *in camera* review of those communications is necessary to determine which ones, if any, reflect the conveyance of legal advice in any way, especially as the narrative on Millennium's privilege log for most document states only that the communications regard the "claim."  Moreover, numerous withheld communications appear to involve several non-attorney recipients, which supports the notion that Millennium's counsel was included on communications as a pretense to claim privilege where no legal advice was at issue.

Lastly, Great American reserves the right to compel the disclosure of otherwise privileged communications if discovery reveals that Millennium acted in bad faith in withholding information during the claims process.  Ohio law recognizes that the insured also owes the insurer a duty of good faith.  *See John Hancock Mut. Life Ins. Co. v. Luzio*, 123 Ohio St. 616, 630-31 (1931).  Great American asserts that the holding of *Boone v. Vanliner Ins. Co.*, 744 N.E.2d 154 (2011) should apply with equal force to the insured where there is at least a *prima facie* showing of bad faith by the insured.

### D. Millennium's Position.

Great American contends that Millennium waived privilege over attorney-client communications that were sent by, to, or copying Aon plc, Millennium's insurance broker and claims recovery specialist.  Great American's theory is that Aon plc was a third party, and any communication with a third party is *ipso facto* a waiver of privilege.

Great American is incorrect.  "[P]rivileged communications may be conveyed to representatives of a corporation without the communications losing their privileged nature." *U.S. ex. rel. Fry v. The Health All. of Greater Cincinnati*, 2009 WL 5033940, at *4-5 (S.D. Ohio Dec. 11, 2009) (independent contractors); *In re Bieter Co.*, 16 F.3d 929, 938 (8th Cir. 1994) (consultants); *Stafford Trading, Inc. v. Lovely*, 2007 WL 611252, at *7 (N.D. Ill. Feb. 22, 2007) (same); *Fosbre v. Las Vegas Sands Corp.*, 2016 WL 183476, at *5 (D. Nev. Jan. 14, 2016) (same).  Aon plc is an outside consultant for Millennium and was intimately involved in the claim recovery process.  Aon communicated with Great American on Millennium's behalf during the adjustment process, and was often the only representative for Millennium present on phone calls and emails with Great American and/or its representatives.   Inside and outside counsel for Millennium regularly drew upon Aon's technical expertise in insurance adjustment

and claim recovery, as well as information that only Aon had with respect to communications with the insurer, to form legal strategy and advise Plaintiffs, their corporate clients. Millennium's inside counsel and outside counsel thus communicated with Aon on a confidential basis to help form and execute legal strategy, including with respect to communications between Aon and Great American.

Under these circumstances, Aon was plainly a representative of Millennium in connection with the communications withheld on Plaintiffs' privilege logs, and no waiver occurred merely because Aon plc received or sent the communication in question from or to Millennium attorneys.

Lacking any argument that privilege was waived because Aon is a third party, Great American falls back on a position that Aon simply was not important enough to the process to justify a finding that the communications with Aon retained their privileged character.  It contended prior to submission of this Report  that "[w]hile the information and advice provided may have proved helpful, it was not needed to interpret complex issues in order to provide competent legal advice or to facilitate the attorney-client relationship."  However, Great American cannot prove this contention with any factual support.  As above, Aon's information was absolutely required to form legal advice because it was the sole Millennium representative communicating with Great American in many instances.  Mr. Furmansky, the individual who led the claim recovery team from Aon, is an attorney himself, which further supports that his views and expertise were intended to form legal strategy, and not merely to keep the broker in the loop. Courts have found that attorney communications with their insurance brokers are privileged when made for these purposes.  *E.g., Home Depot U.S.A., Inc. v. G&S Inv'rs/Willow Park, L.P.*, 2001 WL 37121340, at *3 (N.D. Ga. Sept. 27, 2001); *SavaSeniorCare, LLC v. Starr Indem. &*

*Liab. Co*., 2019 WL 9806574, at *10 (N.D. Ga. Oct. 31, 2019), report and recommendation adopted, 2019 WL 9809629 (N.D. Ga. Dec. 23, 2019).

By contrast, the cases cited by Great American generally involve situations where an insurance broker is copied for mere convenience, not where the broker serves as a recovery specialist tasked with providing information and expertise needed for inside and outside counsel to form and provide effective legal advice.  For instance, Great American cites *Cellco P'ship v. Certain Underwriters at Lloyd's London*, No. CIV.A. 05-3158 (SRC), 2006 WL 1320067, at *3 (D.N.J. May 12, 2006).  This case does not consider subsequent cases decided in this district finding that "[t]he majority of case law" recognizes that an independent contractor serves 'as a 'representative' of [the client] to the degree necessary to establish the attorney-client privilege,'" the same as if the contractor was an employee.  *See Fry*, 2009 WL 5033940, at *4.  *Cellco* takes the narrow view that privilege claims require that attorney-client communications "improve the comprehension of the communications between the attorney and the client," which appears to be a more restrictive rule of decision than is typically followed by federal courts.  Further, while the court there ultimately did not find the communications were privileged, this was premised upon a finding that the advice "was not needed to interpret complex issues in order to provide competent legal advice or to facilitate the attorney-client relationship."  If afforded the opportunity, Plaintiffs would intend to establish that Aon's involvement was necessary to provide competent legal advice and facilitate the attorney-client relationship, and that Aon was the representative translating the insurer's communications to Millennium's attorneys, and vice versa.  *See also Mt. McKinley Ins. Co. v. Corning Inc.,* No. 602454/2002, 2017 WL 1401363, at *9 (N.Y. Sup. Ct. Apr. 17, 2017) (case cited by Great American, indicating that privilege could extend to insurance brokers where facts showed brokers were de facto employees); *Cardinal Aluminum Co. v. Cont'l*

*Cas. Co.*, No. 3:14-CV-857-TBR-LLK, 2015 WL 4483991, at *3 (W.D. Ky. July 22, 2015) (case cited by Great American, in which party claimed that insurance broker communications regarding negotiation of insurance policy were privileged, nor because the broker was a recipient of communications between the client and its attorney).

Millennium notes that it has not taken an extreme position with respect to withholding communications in the presence of Aon. Millennium has produced numerous communications with Aon, and is not asserting, as do many insureds, that a communication is protected ***because*** it is with Aon. Millennium is merely asserting that otherwise privileged communications do not lose their privileged character merely because Aon received or sent the communication, given the circumstances of Aon's engagement, and the nature of the communications, and their purpose.

Millennium doubts that the parties will reach a full agreement on this issue. However, Millennium continues to believe that the dispute is not ripe for adjudication, as Great American's position ultimately rests upon the factual premise that Aon had no role in forming Plaintiffs' legal strategy, and was merely a bystander copied for convenience or mere business advice. The factual record is undeveloped on this issue, and Millennium should have an opportunity to submit evidence and fulsome briefing in support of its privilege claims prior to any decision to compel documents.

Furthermore, during meet and confer, **Millennium informed Great American that it intends to amend its privilege logs to show or illuminate the reason why Aon was included on each withheld communication to which Aon was a party (other than those that assert work product protection – Great American does not challenge these entries), to the extent it can do so without disclosing privileged information. Millennium also intends to review**

**its privilege claims for the challenged communications on a document-by-document basis, in light of Great American's authorities and legal position**. This subsequent review may well narrow the scope of the dispute between the parties, as well as the scope of any *in camera* review the Court may wish to conduct. Thus, Millennium believes that it is premature to decide this legal issue in Great American's favor.

Finally, Great American previews that it intends to argue *Boone* somehow applies to all of Millennium's attorney-client communications. Great American cites no case expanding *Boone* to the **insured's** attorney-client communications made at any time. The position is nonsensical because *Boone* applies to materials in an insurer's claims file that may shed light on why the insurer denied coverage – the insured has no claims file and is not the party that denies coverage. Great American's argument is analytically meritless and invites prejudicial error.

### IV.     Other Matters.

**_Boone v. Vanliner_:** Great American has agreed to produce documents from its claims file that it previously withheld on the basis of the attorney-client privilege pursuant to *Boone v. Vanliner*. Great American may redact information that reveals specific trial strategies, and otherwise states that the production of these documents in no way constitutes a waiver of the attorney-client privilege with respect to other communications, and does not waive the protections of Ohio Rev. Code § 2317.02 that expressly establishes a "testimonial privilege." Millennium reserves the right to review Great American's supplemental production and challenge any redactions to pre-denial communications set forth in the Claim File.


Respectfully submitted,

Dated: April 23, 2021

/s/ David J. Ogles
Attorney for Plaintiffs

Daniel A. Dorfman (admitted pro hac vice)
David J. Ogles (admitted pro hac vice)
FOX SWIBEL LEVIN & CARROLL LLP
200 W. Madison Street, Suite 3000
Chicago, IL 60606
ddorfman@foxswibel.com
dogles@foxswibel.com

Bryce A. Lenox
THE LAW OFFICE OF BRYCE A. LENOX,
ESQ. LLC
3825 Edwards Road, Suite 103
Cincinnati, OH 45209
bryce@brycelenoxlaw.com

*Counsel for Millennium Plaintiffs*

/s/ Daniel Lebersfeld
Attorney for Defendant

James Papakirk (0063862)
Hallie S. Borellis (0076510)
Flagel & Papakirk LLC
50 E-Business Way, Suite 410
Cincinnati, OH 45241
Phone: 513-984-8111
Fax: 513-984-8118
jpapakirk@fp-legal.com
hborellis@fp-legal.com

and

Stephen N. Dratch (admitted pro hac vice)
Daniel Lebersfeld (admitted pro hac vice)
Franzblau Dratch, PC
354 Eisenhower Pkwy.
Livingston, NJ 07039
Phone: 973-992-3700
Fax: 973-994-0139
sdratch@njcounsel.com
dlebersfeld@gmail.com

*Counsel for Defendant Great American Insurance Company*

# EXHIBIT A

M&C HOLDINGS DELAWARE PARTNERSHIP, et al. v. GREAT AMERICAN INSURANCE COMPANY
Case No. 1:20-cv-00121
Plaintiff's Privilege Log
November 9, 2020

| Control Number | DateTime Master | Email From | Email To | Email CC | Privilege Type | Reviewer Comments |
|---|---|---|---|---|---|---|
| CTRL00000652 | 11/6/2018 20:44 | Janlyn Mahlman [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=0CC3F9E06C1442B FABFE8638AD37A122-JANLYN.MAHL] | Becky Tickaram [rebecca.tickaram@aon.com] | Janice Crane [janice.crane@MILLENNIUMHOTELS.COM];Smith-Haley, Kelly [ksmithhaley@foxswibel.com];Howell Gaines [howell.gaines@aon.com];Kathleen McGinley [kathleen.mcginley@aon.com] | ACP | Confidential email exchanged among outside counsel, client, and claim recovery specialist retained by client under duty of confidentiality, reflecting legal advice from outside counsel regarding confidentiality. |
| CTRL00000065 | 11/7/2018 13:48 | Becky Tickaram [rebecca.tickaram@aon.com] | Janlyn Mahlman [janlyn.mahlman@millenniumhotels.com] | Janice Crane [janice.crane@MILLENNIUMHOTELS.COM];Smith-Haley, Kelly [ksmithhaley@foxswibel.com];Howell Gaines [howell.gaines@aon.com];Kathleen McGinley [kathleen.mcginley@aon.com] | ACP | Confidential email exchanged among outside counsel, client, and claim recovery specialist retained by client under duty of confidentiality, reflecting legal advice from outside counsel regarding confidentiality. |
| CTRL00000647 - CTRL00000650 | 11/7/2018 14:06 | Janlyn Mahlman [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=0CC3F9E06C1442B FABFE8638AD37A122-JANLYN.MAHL] | Becky Tickaram [rebecca.tickaram@aon.com] | | ACP | Confidential email and attachment exchanged among outside counsel, and claim recovery specialist retained by client under duty of confidentiality, reflecting and requesting legal advice from outside counsel regarding confidentiality. |
| CTRL00000298 | 11/8/2018 15:27 | Adam Furmansky [adam.furmansky@aon.com] | Janlyn Mahlman [janlyn.mahlman@millenniumhotels.com] | Becky Tickaram [rebecca.tickaram@aon.com];Howell Gaines [howell.gaines@aon.com];Kathleen McGinley [kathleen.mcginley@aon.com];Janice Crane [janice.crane@MILLENNIUMHOTELS.COM] | ACP | Confidential email and attachment exchanged among outside counsel, client, and claim recovery specialist retained by client under duty of confidentiality, reflecting and requesting legal advice from outside counsel regarding confidentiality. |
| CTRL00000879 | 11/8/2018 15:33 | Smith-Haley, Kelly [ksmithhaley@foxswibel.com] | Adam Furmansky [adam.furmansky@aon.com];Janlyn Mahlman [janlyn.mahlman@millenniumhotels.com] | Becky Tickaram [rebecca.tickaram@aon.com];Howell Gaines [howell.gaines@aon.com];Kathleen McGinley [kathleen.mcginley@aon.com];Janice Crane [janice.crane@MILLENNIUMHOTELS.COM] | ACP | Confidential email exchanged among outside counsel, client, and claim recovery specialist retained by client under duty of confidentiality, providing legal advice from outside counsel regarding confidentiality. |
| CTRL00000297 | 11/8/2018 15:42 | Adam Furmansky [adam.furmansky@aon.com] | Smith-Haley, Kelly [ksmithhaley@foxswibel.com];Janlyn Mahlman [janlyn.mahlman@millenniumhotels.com] | Becky Tickaram [rebecca.tickaram@aon.com];Howell Gaines [howell.gaines@aon.com];Kathleen McGinley [kathleen.mcginley@aon.com];Janice Crane [janice.crane@MILLENNIUMHOTELS.COM] | ACP | Confidential email exchanged among outside counsel, client, and claim recovery specialist retained by client under duty of confidentiality, reflecting and facilitating legal advice from outside counsel regarding confidentiality. |
| CTRL00000296 | 11/12/2018 20:31 | Adam Furmansky [adam.furmansky@aon.com] | Janlyn Mahlman [janlyn.mahlman@millenniumhotels.com] | Janice Crane [janice.crane@MILLENNIUMHOTELS.COM];Becky Tickaram [rebecca.tickaram@aon.com] | ACP | Confidential email exchanged among outside counsel, client, and claim recovery specialist retained by client under duty of confidentiality, reflecting and seeking legal advice from outside counsel regarding confidentiality. |
| CTRL00000645 | 11/27/2018 17:06 | Janlyn Mahlman [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=0CC3F9E06C1442B FABFE8638AD37A122-JANLYN.MAHL] | Becky Tickaram [rebecca.tickaram@aon.com] | Janice Crane [janice.crane@MILLENNIUMHOTELS.COM];Smith-Haley, Kelly [ksmithhaley@foxswibel.com];Howell Gaines [howell.gaines@aon.com];Kathleen McGinley [kathleen.mcginley@aon.com];Adam Furmansky [adam.furmansky@aon.com] | ACP | Confidential email and attachment exchanged among outside counsel, client, and claim recovery specialist retained by client under duty of confidentiality, reflecting and requesting legal advice from outside counsel regarding confidentiality. |
| CTRL00000818 - CTRL00000819 | 12/3/2018 20:31 | Smith-Haley, Kelly [ksmithhaley@foxswibel.com] | Adam Furmansky [adam.furmansky@aon.com] | Janlyn Mahlman [janlyn.mahlman@millenniumhotels.com] | ACP | Confidential email and attachment exchanged among outside counsel, client, and claim recovery specialist retained by client under duty of confidentiality, providing legal advice from outside counsel regarding confidentiality. |
| CTRL00000212 | 12/3/2018 21:04 | Adam Furmansky [adam.furmansky@aon.com] | Smith-Haley, Kelly [ksmithhaley@foxswibel.com] | Janlyn Mahlman [janlyn.mahlman@millenniumhotels.com];Becky Tickaram [rebecca.tickaram@aon.com] | ACP | Confidential email exchanged among outside counsel, client, and claim recovery specialist retained by client under duty of confidentiality, reflecting and facilitating legal advice from outside counsel regarding confidentiality. |
| CTRL00000817 | 12/5/2018 18:23 | Smith-Haley, Kelly [ksmithhaley@foxswibel.com] | Adam Furmansky [adam.furmansky@aon.com] | Janlyn Mahlman [janlyn.mahlman@millenniumhotels.com];Becky Tickaram [rebecca.tickaram@aon.com] | ACP | Confidential email exchanged among outside counsel, client, and claim recovery specialist retained by client under duty of confidentiality, providing legal advice from outside counsel regarding confidentiality. |
| CTRL00000210 | 12/5/2018 21:31 | Adam Furmansky [adam.furmansky@aon.com] | Smith-Haley, Kelly [ksmithhaley@foxswibel.com] | Janlyn Mahlman [janlyn.mahlman@millenniumhotels.com];Becky Tickaram [rebecca.tickaram@aon.com] | ACP | Confidential email exchanged among outside counsel, client, and claim recovery specialist retained by client under duty of confidentiality, reflecting and facilitating legal advice from outside counsel regarding confidentiality. |
| CTRL00000445 | 4/11/2019 18:30 | Adam Furmansky [adam.furmansky@aon.com] | Cindy Ho [Cindy.Ho@millenniumhotels.com];KokKee Chong [KokKee.Chong@millenniumhotels.com] | Janlyn Mahlman [janlyn.mahlman@millenniumhotels.com];Becky Tickaram [rebecca.tickaram@aon.com];Kristen Prohl [Kristen.Prohl@MILLENNIUMHOTELS.COM] | ACP | Confidential email exchanged among outside counsel, client, and claim recovery specialist retained by client under duty of confidentiality, to facilitate legal advice from inside counsel regarding claim. |
| CTRL00000443 | 4/24/2019 14:36 | Adam Furmansky [adam.furmansky@aon.com] | KokKee Chong [KokKee.Chong@millenniumhotels.com];Kristen Prohl [Kristen.Prohl@MILLENNIUMHOTELS.COM] | Janlyn Mahlman [janlyn.mahlman@millenniumhotels.com];Becky Tickaram [rebecca.tickaram@aon.com];Howell Gaines [howell.gaines@aon.com];Cindy Ho [Cindy.Ho@millenniumhotels.com];Kathleen McGinley [kathleen.mcginley@aon.com] | ACP | Confidential email exchanged among inside counsel, client, and claim recovery specialist retained by client under duty of confidentiality, requesting and facilitating legal advice from inside counsel regarding claim. |

M&C HOLDINGS DELAWARE PARTNERSHIP, et al. v. GREAT AMERICAN INSURANCE COMPANY
Case No. 1:20-cv-00121
Plaintiff's Privilege Log
November 9, 2020

| Control Number | Date/Time Master | Email From | Email To | Email CC | Privilege Type | Reviewer Comments |
|---|---|---|---|---|---|---|
| CTRL00000946 | 4/24/2019 18:34 | KokKee Chong [KokKee.Chong@millenniumhotels.com] | Adam Furmansky [adam.furmansky@aon.com];Kristen Prohl [Kristen.Prohl@MILLENNIUMHOTELS.COM] | Janlyn Mahlman [janlyn.mahlman@millenniumhotels.com];Becky Tickaram [rebecca.tickaram@aon.com];Howell Gaines [howell.gaines@aon.com];Cindy Ho [Cindy.Ho@millenniumhotels.com];Kathleen McGinley [kathleen.mcginley@aon.com] | ACP | Confidential email exchanged among inside counsel, client, and claim recovery specialist retained by client under duty of confidentiality, requesting and facilitating legal advice from inside counsel regarding claim. |
| CTRL00000441 | 5/8/2019 22:40 | Adam Furmansky [adam.furmansky@aon.com] | Kristen Prohl [Kristen.Prohl@MILLENNIUMHOTELS.COM];Cindy Ho [Cindy.Ho@millenniumhotels.com];KokKee Chong [KokKee.Chong@millenniumhotels.com];Janlyn Mahlman [janlyn.mahlman@millenniumhotels.com] | Jonathon Grech [Jonathon.Grech@millenniumhotels.co.uk];Becky Tickaram [rebecca.tickaram@aon.com] | ACP | Confidential email chain exchanged among inside counsel, client, and claim recovery specialist retained by client under duty of confidentiality, reflecting, providing, and facilitating legal advice from inside counsel regarding claim. |
| CTRL00000944 | 5/9/2019 4:27 | Kristen Prohl [Kristen.Prohl@MILLENNIUMHOTELS.COM] | Adam Furmansky [adam.furmansky@aon.com];Cindy Ho [Cindy.Ho@millenniumhotels.com];KokKee Chong [KokKee.Chong@millenniumhotels.com];Janlyn Mahlman [janlyn.mahlman@millenniumhotels.com] | Jonathon Grech [Jonathon.Grech@millenniumhotels.co.uk];Becky Tickaram [rebecca.tickaram@aon.com] | ACP | Confidential email chain exchanged among inside counsel, client, and claim recovery specialist retained by client under duty of confidentiality, reflecting, providing, and facilitating legal advice from inside counsel regarding claim. |
| CTRL00000943 | 5/13/2019 16:59 | Kristen Prohl [Kristen.Prohl@MILLENNIUMHOTELS.COM] | Adam Furmansky [adam.furmansky@aon.com] | Jonathon Grech [Jonathon.Grech@millenniumhotels.co.uk];Becky Tickaram [rebecca.tickaram@aon.com];KokKee Chong [KokKee.Chong@millenniumhotels.com];Cindy.Ho@millenniumhotels.com;Janlyn Mahlman [janlyn.mahlman@millenniumhotels.com] | ACP | Confidential email chain exchanged among inside counsel, client, and claim recovery specialist retained by client under duty of confidentiality providing, reflecting, and facilitating legal advice from inside counsel regarding claim. |
| CTRL00000437 | 5/13/2019 20:02 | Adam Furmansky [adam.furmansky@aon.com] | Kristen Prohl [Kristen.Prohl@MILLENNIUMHOTELS.COM] | Jonathon Grech [Jonathon.Grech@millenniumhotels.co.uk];Becky Tickaram [rebecca.tickaram@aon.com];KokKee Chong [KokKee.Chong@millenniumhotels.com];Cindy.Ho@millenniumhotels.com;Janlyn Mahlman [janlyn.mahlman@millenniumhotels.com] | ACP | Confidential email chain exchanged among inside counsel, client, and claim recovery specialist retained by client under duty of confidentiality, reflecting, providing, and facilitating legal advice from inside counsel regarding claim. |
| CTRL00000427 - CTRL00000436 | 5/14/2019 14:32 | Adam Furmansky [adam.furmansky@aon.com] | Janlyn Mahlman [janlyn.mahlman@millenniumhotels.com] | Howell Gaines [howell.gaines@aon.com] | ACP | Confidential email and attachment among client and claim recovery specialist retained by client under duty of confidentiality, forwarding confidential email chain and attachments providing, reflecting, and facilitating legal advice from inside counsel regarding claim. |
| CTRL00000942 | 5/17/2019 6:35 | Cindy Ho [Cindy.Ho@millenniumhotels.com] | Howell Gaines [howell.gaines@aon.com];Adam Furmansky [adam.furmansky@aon.com];Becky Tickaram [rebecca.tickaram@aon.com] | Kristen Prohl [Kristen.Prohl@MILLENNIUMHOTELS.COM];Jonathon Grech [Jonathon.Grech@millenniumhotels.co.uk];Janlyn Mahlman [janlyn.mahlman@millenniumhotels.com];Kristen Prohl [Kristen.Prohl@MILLENNIUMHOTELS.COM];Phoebe Chen [Phoebe.Chen@millenniumhotels.com] | ACP | Confidential email chain exchanged among inside counsel, client, and claim recovery specialist retained by client under duty of confidentiality, facilitating and reflecting legal advice from inside counsel regarding claim. |
| CTRL00000589 - CTRL00000398 | 5/17/2019 14:00 | Adam Furmansky [adam.furmansky@aon.com] | Cindy Ho [Cindy.Ho@millenniumhotels.com] | KokKee Chong [KokKee.Chong@millenniumhotels.com];Janlyn Mahlman [janlyn.mahlman@millenniumhotels.com];Kristen Prohl [Kristen.Prohl@MILLENNIUMHOTELS.COM];Becky Tickaram [rebecca.tickaram@aon.com];Howell Gaines | ACP | Confidential email chain and attachments exchanged among inside counsel, client, and claim recovery specialist retained by client under duty of confidentiality, facilitating and reflecting legal advice from inside counsel regarding claim. |
| CTRL00000356 | 5/20/2019 20:42 | Adam Furmansky [adam.furmansky@aon.com] | Cindy Ho [Cindy.Ho@millenniumhotels.com] | KokKee Chong [KokKee.Chong@millenniumhotels.com];Janlyn Mahlman [janlyn.mahlman@millenniumhotels.com];Kristen Prohl [Kristen.Prohl@MILLENNIUMHOTELS.COM];Becky Tickaram [rebecca.tickaram@aon.com];Howell Gaines [howell.gaines@aon.com] | ACP | Confidential email chain exchanged among inside counsel, client, and claim recovery specialist retained by client under duty of confidentiality, requesting, facilitating and reflecting legal advice from inside counsel regarding claim |

M&C HOLDINGS DELAWARE PARTNERSHIP, et al. v. GREAT AMERICAN INSURANCE COMPANY
Case No. 1:20-cv-00121
Plaintiff's Privilege Log
November 9, 2020

| Control Number | Date/Time Master | Email From | Email To | Email CC | Privilege Type | Reviewer Comments |
|---|---|---|---|---|---|---|
| CTRL00000941 | 5/20/2019 23:31 | Cindy Ho [Cindy.Ho@millenniumhotels.com] | Adam Furmansky [adam.furmansky@aon.com] | KokKee Chong [KokKee.Chong@millenniumhotels.com];Janlyn Mahlman [janlyn.mahlman@millenniumhotels.com];Kristen Prohl [Kristen.Prohl@MILLENNIUMHOTELS.COM];Becky Tickaram [rebecca.tickaram@aon.com];Howell Gaines [howell.gaines@aon.com];Jonathon Grech [Jonathon.Grech@millenniumhotels.co.uk] | ACP | Confidential email chain exchanged among inside counsel, client, and claim recovery specialist retained by client under duty of confidentiality, requesting, facilitating and reflecting legal advice from inside counsel regarding claim. |
| CTRL00000939 - CTRL00000940 | 5/21/2019 1:22 | Kristen Prohl [Kristen.Prohl@MILLENNIUMHOTELS.COM] | Adam Furmansky [adam.furmansky@aon.com];Cindy Ho [Cindy.Ho@millenniumhotels.com] | KokKee Chong [KokKee.Chong@millenniumhotels.com];Janlyn Mahlman [janlyn.mahlman@millenniumhotels.com];Becky Tickaram [rebecca.tickaram@aon.com];Howell Gaines [howell.gaines@aon.com] | ACP | Confidential email chain and attachment exchanged among inside counsel, client, and claim recovery specialist retained by client under duty of confidentiality, providing and requesting legal advice from inside counsel regarding claim. |
| CTRL00000938 | 5/21/2019 1:26 | Cindy Ho [Cindy.Ho@millenniumhotels.com] | Kristen Prohl [Kristen.Prohl@MILLENNIUMHOTELS.COM];Adam Furmansky [adam.furmansky@aon.com] | KokKee Chong [KokKee.Chong@millenniumhotels.com];Janlyn Mahlman [janlyn.mahlman@millenniumhotels.com];Becky Tickaram [rebecca.tickaram@aon.com];Howell Gaines [howell.gaines@aon.com] | ACP | Confidential email chain exchanged among inside counsel, client, and claim recovery specialist retained by client under duty of confidentiality, providing, facilitating, and requesting legal advice from inside counsel regarding claim. |
| CTRL00000353 | 5/21/2019 1:34 | Adam Furmansky [adam.furmansky@aon.com] | Cindy Ho [Cindy.Ho@millenniumhotels.com] | KokKee Chong [KokKee.Chong@millenniumhotels.com];Janlyn Mahlman [janlyn.mahlman@millenniumhotels.com];Kristen Prohl [Kristen.Prohl@MILLENNIUMHOTELS.COM];Becky Tickaram [rebecca.tickaram@aon.com];Howell Gaines [howell.gaines@aon.com];Jonathon Grech [Jonathon.Grech@millenniumhotels.co.uk] | ACP | Confidential email chain exchanged among inside counsel, client, and claim recovery specialist retained by client under duty of confidentiality, providing, facilitating, and requesting legal advice from inside counsel regarding claim. |
| CTRL00000352 | 5/21/2019 1:38 | Adam Furmansky [adam.furmansky@aon.com] | Kristen Prohl [Kristen.Prohl@MILLENNIUMHOTELS.COM] | Cindy Ho [Cindy.Ho@millenniumhotels.com];KokKee Chong [KokKee.Chong@millenniumhotels.com];Janlyn Mahlman [janlyn.mahlman@millenniumhotels.com];Becky Tickaram [rebecca.tickaram@aon.com];Howell Gaines [howell.gaines@aon.com] | ACP | Confidential email chain exchanged among inside counsel, client, and claim recovery specialist retained by client under duty of confidentiality, providing, facilitating, and requesting legal advice from inside counsel regarding claim. |
| CTRL00000346 | 5/24/2019 17:46 | Adam Furmansky [adam.furmansky@aon.com] | Kristen Prohl [Kristen.Prohl@MILLENNIUMHOTELS.COM] | Cindy Ho [Cindy.Ho@millenniumhotels.com];KokKee Chong [KokKee.Chong@millenniumhotels.com];Janlyn Mahlman [janlyn.mahlman@millenniumhotels.com];Becky Tickaram [rebecca.tickaram@aon.com];Howell Gaines [howell.gaines@aon.com] | ACP | Confidential email chain exchanged among inside counsel, client, and claim recovery specialist retained by client under duty of confidentiality, providing, facilitating, and requesting legal advice from inside counsel regarding claim. |
| CTRL00000923 | 5/24/2019 22:20 | Kristen Prohl [Kristen.Prohl@MILLENNIUMHOTELS.COM] | Adam Furmansky [adam.furmansky@aon.com] | Cindy Ho [Cindy.Ho@millenniumhotels.com];KokKee Chong [KokKee.Chong@millenniumhotels.com];Janlyn Mahlman [janlyn.mahlman@millenniumhotels.com];Becky Tickaram [rebecca.tickaram@aon.com];Howell Gaines [howell.gaines@aon.com];Jonathon Grech [Jonathon.Grech@millenniumhotels.co.uk] | ACP | Confidential email chain exchanged among inside counsel, client, and claim recovery specialist retained by client under duty of confidentiality, providing, facilitating, and requesting legal advice from inside counsel regarding claim. |
| CTRL00000019 - CTRL00000030 | 5/28/2019 17:16 | Adam Furmansky [adam.furmansky@aon.com] | Kristen Prohl [Kristen.Prohl@MILLENNIUMHOTELS.COM] | Cindy Ho [Cindy.Ho@millenniumhotels.com];KokKee Chong [KokKee.Chong@millenniumhotels.com];Janlyn Mahlman [janlyn.mahlman@millenniumhotels.com];Becky Tickaram [rebecca.tickaram@aon.com];Howell Gaines [howell.gaines@aon.com];Jonathon Grech [Jonathon.Grech@millenniumhotels.co.uk] | ACP | Confidential email chain and attachment exchanged among inside counsel, client, and claim recovery specialist retained by client under duty of confidentiality, providing, facilitating, and requesting legal advice from inside counsel regarding claim. |

M&C HOLDINGS DELAWARE PARTNERSHIP, et al. v. GREAT AMERICAN INSURANCE COMPANY
Case No. 1:20-cv-00121
Plaintiff's Privilege Log
November 9, 2020

| Control Number | Date/Time Master | Email From | Email To | Email CC | Privilege Type | Reviewer Comments |
|---|---|---|---|---|---|---|
| CTRL00000334 - CTRL00000345 | 5/28/2019 17:16 | Adam Furmansky [adam.furmansky@aon.com] | Kristen Prohl [Kristen.Prohl@MILLENNIUMHOTELS.COM] | Cindy Ho [Cindy.Ho@millenniumhotels.com];KokKee Chong [KokKee.Chong@millenniumhotels.com];Janlyn Mahlman [janlyn.mahlman@millenniumhotels.com];Becky Tickaram [rebecca.tickaram@aon.com];Howell Gaines [howell.gaines@aon.com];Jonathon Grech [Jonathon.Grech@millenniumhotels.co.uk] | ACP | Confidential email chain and attachment exchanged among inside counsel, client, and claim recovery specialist retained by client under duty of confidentiality, providing, facilitating, and requesting legal advice from inside counsel regarding claim. |
| CTRL00000855 - CTRL00000856 | 5/28/2019 23:32 | Cindy Ho [Cindy.Ho@millenniumhotels.com] | Adam Furmansky [adam.furmansky@aon.com];Kristen Prohl [Kristen.Prohl@MILLENNIUMHOTELS.COM] | KokKee Chong [KokKee.Chong@millenniumhotels.com];Janlyn Mahlman [janlyn.mahlman@millenniumhotels.com];Becky Tickaram [rebecca.tickaram@aon.com];Howell Gaines [howell.gaines@aon.com];Jonathon Grech [Jonathon.Grech@millenniumhotels.co.uk] | ACP | Confidential email chain and attachment exchanged among inside counsel, client, and claim recovery specialist retained by client under duty of confidentiality, providing, facilitating, and requesting legal advice from inside counsel regarding claim. |
| CTRL00000236 - CTRL00000237 | 5/29/2019 0:03 | Adam Furmansky [adam.furmansky@aon.com] | Cindy Ho [Cindy.Ho@millenniumhotels.com] | Kristen Prohl [Kristen.Prohl@MILLENNIUMHOTELS.COM];KokKee Chong [KokKee.Chong@millenniumhotels.com];Janlyn Mahlman [janlyn.mahlman@millenniumhotels.com];Becky Tickaram [rebecca.tickaram@aon.com];Howell Gaines [howell.gaines@aon.com];Jonathon Grech [Jonathon.Grech@millenniumhotels.co.uk] | ACP | Confidential email chain and attachment exchanged among inside counsel, client, and claim recovery specialist retained by client under duty of confidentiality, providing, facilitating, and requesting legal advice from inside counsel regarding claim. |
| CTRL00000854 | 5/29/2019 1:52 | Kristen Prohl [Kristen.Prohl@MILLENNIUMHOTELS.COM] | Adam Furmansky [adam.furmansky@aon.com] | Cindy Ho [Cindy.Ho@millenniumhotels.com];KokKee Chong [KokKee.Chong@millenniumhotels.com];Janlyn Mahlman [janlyn.mahlman@millenniumhotels.com];Becky Tickaram [rebecca.tickaram@aon.com];Howell Gaines [howell.gaines@aon.com];Jonathon Grech [Jonathon.Grech@millenniumhotels.co.uk] | ACP | Confidential email chain exchanged among inside counsel, client, and claim recovery specialist retained by client under duty of confidentiality, providing, facilitating, and requesting legal advice from inside counsel regarding claim. |
| CTRL00000853 | 5/29/2019 3:07 | KokKee Chong [KokKee.Chong@millenniumhotels.com] | Kristen Prohl [Kristen.Prohl@MILLENNIUMHOTELS.COM];Cindy Ho [Cindy.Ho@millenniumhotels.com];Adam Furmansky [adam.furmansky@aon.com] | Janlyn Mahlman [janlyn.mahlman@millenniumhotels.com];Howell Gaines [howell.gaines@aon.com];Jonathon Grech [Jonathon.Grech@millenniumhotels.co.uk] | ACP | Confidential email chain exchanged among inside counsel, client, and claim recovery specialist retained by client under duty of confidentiality, providing, facilitating, and requesting legal advice from inside counsel regarding claim. |
| CTRL00000235 | 5/29/2019 10:16 | Adam Furmansky [adam.furmansky@aon.com] | Janlyn Mahlman [janlyn.mahlman@millenniumhotels.com] | Kristen Prohl [Kristen.Prohl@MILLENNIUMHOTELS.COM];Cindy Ho [Cindy.Ho@millenniumhotels.com];KokKee Chong [KokKee.Chong@millenniumhotels.com];Becky Tickaram [rebecca.tickaram@aon.com];Howell Gaines [howell.gaines@aon.com];Jonathon Grech [Jonathon.Grech@millenniumhotels.co.uk] | ACP | Confidential email chain exchanged among inside counsel, client, and claim recovery specialist retained by client under duty of confidentiality, providing, facilitating, and requesting legal advice from inside counsel regarding claim. |
| CTRL00000852 | 5/31/2019 7:08 | Cindy Ho [Cindy.Ho@millenniumhotels.com] | Howell Gaines [howell.gaines@aon.com] | Kristen Prohl [Kristen.Prohl@MILLENNIUMHOTELS.COM];Adam Furmansky [adam.furmansky@aon.com];Phoebe Chen [Phoebe.Chen@millenniumhotels.com];Janlyn Mahlman [janlyn.mahlman@millenniumhotels.com] | ACP | Confidential email chain exchanged among inside counsel, client, and claim recovery specialist retained by client under duty of confidentiality, providing, facilitating, and requesting legal advice from inside counsel regarding claim. |
| CTRL00000133 | 6/7/2019 13:53 | Adam Furmansky [adam.furmansky@aon.com] | Cindy Ho [Cindy.Ho@millenniumhotels.com];Kristen Prohl [Kristen.Prohl@MILLENNIUMHOTELS.COM];Howell Gaines [howell.gaines@aon.com];Becky Tickaram [rebecca.tickaram@aon.com] | Phoebe Chen [Phoebe.Chen@millenniumhotels.com];Janlyn Mahlman [janlyn.mahlman@millenniumhotels.com];Jonathon Grech [Jonathon.Grech@millenniumhotels.co.uk] | ACP | Confidential email chain exchanged among inside counsel, client, and claim recovery specialist retained by client under duty of confidentiality, facilitating and reflecting legal advice from inside counsel regarding claim. |
| CTRL00000844 | 6/7/2019 16:07 | Kristen Prohl [Kristen.Prohl@MILLENNIUMHOTELS.COM] | Adam Furmansky [adam.furmansky@aon.com];Cindy Ho [Cindy.Ho@millenniumhotels.com];Howell Gaines [howell.gaines@aon.com];Becky Tickaram [rebecca.tickaram@aon.com] | Phoebe Chen [Phoebe.Chen@millenniumhotels.com];Janlyn Mahlman [janlyn.mahlman@millenniumhotels.com];Jonathon Grech [Jonathon.Grech@millenniumhotels.co.uk];KokKee Chong [KokKee.Chong@millenniumhotels.com] | ACP | Confidential email chain exchanged among inside counsel, client, and claim recovery specialist retained by client under duty of confidentiality, providing, facilitating, and requesting legal advice from inside counsel regarding claim. |

M&C HOLDINGS DELAWARE PARTNERSHIP, et al. v. GREAT AMERICAN INSURANCE COMPANY
Case No. 1:20-cv-00121
Plaintiff's Privilege Log
November 9, 2020

| Control Number | Date/Time Master | Email From | Email To | Email CC | Privilege Type | Reviewer Comments |
|---|---|---|---|---|---|---|
| CTRL00000132 | 6/7/2019 16:57 | Adam Furmansky [adam.furmansky@aon.com] | Kristen Prohl [Kristen.Prohl@MILLENNIUMHOTELS.COM];Cindy Ho [Cindy.Ho@millenniumhotels.com];Howell Gaines [howell.gaines@aon.com];Becky Tickaram [rebecca.tickaram@aon.com] | Phoebe Chen [Phoebe.Chen@millenniumhotels.com];Janlyn Mahlman [janlyn.mahlman@millenniumhotels.com];Jonathon Grech [Jonathon.Grech@millenniumhotels.co.uk];KokKee Chong [KokKee.Chong@millenniumhotels.com] | ACP | Confidential email chain exchanged among inside counsel, client, and claim recovery specialist retained by client under duty of confidentiality, providing, facilitating, and requesting legal advice from inside counsel regarding claim. |
| CTRL00000918 | 6/27/2019 19:46 | Kristen Prohl [Kristen.Prohl@MILLENNIUMHOTELS.COM] | Adam Furmansky [adam.furmansky@aon.com];Howell Gaines [howell.gaines@aon.com];Becky Tickaram [rebecca.tickaram@aon.com] | Janlyn Mahlman [janlyn.mahlman@millenniumhotels.com];Jonathon Grech [Jonathon.Grech@millenniumhotels.co.uk];KokKee Chong [KokKee.Chong@millenniumhotels.com];Howell.com;Smith-Haley, Kelly [ksmithhaley@foxswibel.com];Cindy Ho [Cindy.Ho@millenniumhotels.com] | ACP | Confidential email chain exchanged among inside counsel, client, and claim recovery specialist retained by client under duty of confidentiality, providing, facilitating and reflecting legal advice from inside counsel regarding claim. |
| CTRL00000478 - CTRL00000490 | 7/18/2019 15:55 | Adam Furmansky [adam.furmansky@aon.com] | Cindy Ho [Cindy.Ho@millenniumhotels.com];KokKee Chong [KokKee.Chong@millenniumhotels.com] | Amanda Roxland [amanda.roxland@aon.com];Janlyn Mahlman [janlyn.mahlman@millenniumhotels.com];Howell Gaines [howell.gaines@aon.com];Jonathon Grech [Jonathon.Grech@millenniumhotels.co.uk];ddorfman@foxswibel.com;ksmithhaley@foxswibel.com | ACP | Confidential email and attachments to outside counsel, inside counsel, client, and claim recovery specialist retained by client under duty of confidentiality, facilitating and requesting legal advice from outside and inside counsel regarding claim. |
| CTRL00000915 - CTRL00000916 | 7/18/2019 16:37 | Jonathon Grech [Jonathon.Grech@millenniumhotels.co.uk] | Adam Furmansky [adam.furmansky@aon.com] | Amanda Roxland [amanda.roxland@aon.com];Janlyn Mahlman [janlyn.mahlman@millenniumhotels.com];Howell Gaines [howell.gaines@aon.com];ddorfman@foxswibel.com;ksmithhaley@foxswibel.com;Tay Fui Bin [FuiBin.Tay@millenniumhotels.com];YenYing Yee [YenYing.Yee@millenniumhotels.com] | ACP | Confidential email chain and attachment exchanged among outside counsel, inside counsel, client, and claim recovery specialist retained by client under duty of confidentiality, providing, facilitating, and requesting legal advice from outside and inside counsel regarding claim. |
| CTRL00000461 - CTRL00000465 | 7/18/2019 17:13 | Adam Furmansky [adam.furmansky@aon.com] | Jonathon Grech [Jonathon.Grech@millenniumhotels.co.uk] | Amanda Roxland [amanda.roxland@aon.com];Janlyn Mahlman [janlyn.mahlman@millenniumhotels.com];Howell Gaines [howell.gaines@aon.com];ddorfman@foxswibel.com;ksmithhaley@foxswibel.com;Tay Fui Bin [FuiBin.Tay@millenniumhotels.com];YenYing Yee [YenYing.Yee@millenniumhotels.com] | ACP | Confidential email chain and attachment exchanged among outside counsel, inside counsel, client, and claim recovery specialist retained by client under duty of confidentiality, facilitating and requesting legal advice from outside and inside counsel regarding claim. |
| CTRL00000913 - CTRL00000914 | 7/18/2019 17:51 | Jonathon Grech [Jonathon.Grech@millenniumhotels.co.uk] | Adam Furmansky [adam.furmansky@aon.com] | Amanda Roxland [amanda.roxland@aon.com];Janlyn Mahlman [janlyn.mahlman@millenniumhotels.com];Howell Gaines [howell.gaines@aon.com];ddorfman@foxswibel.com;ksmithhaley@foxswibel.com;Tay Fui Bin [FuiBin.Tay@millenniumhotels.com];YenYing Yee [YenYing.Yee@millenniumhotels.com];James Williams [james.williams@MILLENNIUMHOTELS.COM] | ACP | Confidential email chain and attachment exchanged among outside counsel, inside counsel, client, and claim recovery specialist retained by client under duty of confidentiality, facilitating and requesting legal advice from outside and inside counsel regarding claim. |
| CTRL00000037 - CTRL00000041 | 7/18/2019 20:55 | Adam Furmansky [adam.furmansky@aon.com] | Jonathon Grech [Jonathon.Grech@millenniumhotels.co.uk] | Amanda Roxland [amanda.roxland@aon.com];Janlyn Mahlman [janlyn.mahlman@millenniumhotels.com];Howell Gaines [howell.gaines@aon.com];ddorfman, Daniel [ddorfman@foxswibel.com];Smith-Haley, Kelly [ksmithhaley@foxswibel.com];Tay Fui Bin [FuiBin.Tay@millenniumhotels.com];YenYing Yee [YenYing.Yee@millenniumhotels.com];James Williams [james.williams@MILLENNIUMHOTELS.COM] | ACP | Confidential email chain and attachment exchanged among outside counsel, inside counsel, client, and claim recovery specialist retained by client under duty of confidentiality, facilitating and requesting legal advice from outside and inside counsel regarding claim. |

M&C HOLDINGS DELAWARE PARTNERSHIP, et al. v. GREAT AMERICAN INSURANCE COMPANY
Case No. 1:20-cv-00121
Plaintiff's Privilege Log
November 9, 2020

| Control Number | Date/Time Master | Email From | Email To | Email CC | Privilege Type | Reviewer Comments |
|---|---|---|---|---|---|---|
| CTRL00000456 - CTRL00000460 | 7/18/2019 20:55 | Adam Furmansky [adam.furmansky@aon.com] | Jonathon Grech [Jonathon.Grech@millenniumhotels.co.uk] | Amanda Roxland [amanda.roxland@aon.com];Janlyn Mahlman [janlyn.mahlman@millenniumhotels.com];Howell Gaines [howell.gaines@aon.com];ddorfman@foxswibel.com;ksmith haley@foxswibel.com;Tay Fui Bin [Fui.Bin.Tay@millenniumhotels.com];YenYing Yee [YenYing.Yee@millenniumhotels.com];James Williams [James.Williams@MILLENNIUMHOTELS.COM] | ACP | Confidential email chain and attachment exchanged among outside counsel, inside counsel, client, and claim recovery specialist retained by client under duty of confidentiality, facilitating and requesting legal advice from outside and inside counsel regarding claim. |
| CTRL00000907 | 7/19/2019 4:38 | YenYing Yee [YenYing.Yee@millenniumhotels.com] | Adam Furmansky [adam.furmansky@aon.com] | Amanda Roxland [amanda.roxland@aon.com];Janlyn Mahlman [janlyn.mahlman@millenniumhotels.com];Howell Gaines [howell.gaines@aon.com];ddorfman@foxswibel.com;ksmith haley@foxswibel.com;Jonathon Grech [Jonathon.Grech@millenniumhotels.co.uk];Tay Fui Bin [Fui.Bin.Tay@millenniumhotels.com];James Williams [james.williams@MILLENNIUMHOTELS.COM] | ACP | Confidential email chain exchanged among outside counsel, inside counsel, client, and claim recovery specialist retained by client under duty of confidentiality, facilitating and requesting legal advice from outside and inside counsel regarding claim. |
| CTRL00000455 | 7/19/2019 13:07 | Adam Furmansky [adam.furmansky@aon.com] | YenYing Yee [YenYing.Yee@millenniumhotels.com] | Amanda Roxland [amanda.roxland@aon.com];Janlyn Mahlman [janlyn.mahlman@millenniumhotels.com];Howell Gaines [howell.gaines@aon.com];ddorfman@foxswibel.com;ksmith haley@foxswibel.com;Jonathon Grech [Jonathon.Grech@millenniumhotels.co.uk];Tay Fui Bin [Fui.Bin.Tay@millenniumhotels.com];James Williams [james.williams@MILLENNIUMHOTELS.COM] | ACP | Confidential email chain exchanged among outside counsel, inside counsel, client, and claim recovery specialist retained by client under duty of confidentiality, facilitating and requesting legal advice from outside and inside counsel regarding claim. |
| CTRL00000906 | 7/21/2019 16:08 | YenYing Yee [YenYing.Yee@millenniumhotels.com] | Adam Furmansky [adam.furmansky@aon.com] | Amanda Roxland [amanda.roxland@aon.com];Janlyn Mahlman [janlyn.mahlman@millenniumhotels.com];Howell Gaines [howell.gaines@aon.com];ddorfman@foxswibel.com;ksmith haley@foxswibel.com;Jonathon Grech [Jonathon.Grech@millenniumhotels.co.uk];Tay Fui Bin [Fui.Bin.Tay@millenniumhotels.com];James Williams [james.williams@MILLENNIUMHOTELS.COM] | ACP | Confidential email chain exchanged among outside counsel, inside counsel, client, and claim recovery specialist retained by client under duty of confidentiality, facilitating and requesting legal advice from outside and inside counsel regarding claim. |
| CTRL00000425 - CTRL00000426 | 7/22/2019 20:16 | Adam Furmansky [adam.furmansky@aon.com] | YenYing Yee [YenYing.Yee@millenniumhotels.com];Jonathon Grech [Jonathon.Grech@millenniumhotels.co.uk] | Janlyn Mahlman [janlyn.mahlman@millenniumhotels.com];Howell Gaines [howell.gaines@aon.com];Amanda Roxland [amanda.roxland@aon.com];ddorfman@foxswibel.com;ksmith hhaley@foxswibel.com;Tay Fui Bin [Fui.Bin.Tay@millenniumhotels.com];James Williams [james.williams@MILLENNIUMHOTELS.COM] | ACP | Confidential email chain and attachment exchanged among outside counsel, inside counsel, client, and claim recovery specialist retained by client under duty of confidentiality, facilitating and requesting legal advice from outside and inside counsel regarding claim. |
| CTRL00000905 | 7/23/2019 15:58 | Jonathon Grech [Jonathon.Grech@millenniumhotels.co.uk] | Adam Furmansky [adam.furmansky@aon.com];YenYing Yee [YenYing.Yee@millenniumhotels.com] | Janlyn Mahlman [janlyn.mahlman@millenniumhotels.com];Howell Gaines [howell.gaines@aon.com];Amanda Roxland [amanda.roxland@aon.com];ddorfman@foxswibel.com;ksmith hhaley@foxswibel.com;Tay Fui Bin [Fui.Bin.Tay@millenniumhotels.com];James Williams [james.williams@MILLENNIUMHOTELS.COM] | ACP | Confidential email chain exchanged among outside counsel, inside counsel, client, and claim recovery specialist retained by client under duty of confidentiality, facilitating and requesting legal advice from outside and inside counsel regarding claim. |
| CTRL00000904 | 8/5/2019 15:48 | Jonathon Grech [Jonathon.Grech@millenniumhotels.co.uk] | Adam Furmansky [adam.furmansky@aon.com];YenYing Yee [YenYing.Yee@millenniumhotels.com] | Janlyn Mahlman [janlyn.mahlman@millenniumhotels.com];Amanda Roxland [amanda.roxland@aon.com];ddorfman@foxswibel.com;ksmith hhaley@foxswibel.com;Tay Fui Bin [Fui.Bin.Tay@millenniumhotels.com];James Williams [james.williams@MILLENNIUMHOTELS.COM] | ACP | Confidential email chain exchanged among outside counsel, inside counsel, client, and claim recovery specialist retained by client under duty of confidentiality, providing, facilitating, and requesting legal advice from outside and inside counsel regarding claim. |

M&C HOLDINGS DELAWARE PARTNERSHIP, et al. v. GREAT AMERICAN INSURANCE COMPANY
Case No. 1:20-cv-00121
Plaintiff's Privilege Log
November 9, 2020

| Control Number | DateTime Master | Email From | Email To | Email CC | Privilege Type | Reviewer Comments |
|---|---|---|---|---|---|---|
| CTRL00000421 | 8/5/2019 20:52 | Adam Furmansky [adam.furmansky@aon.com] | Jonathon Grech [Jonathon.Grech@millenniumhotels.co.uk];YenYing Yee [YenYing.Yee@millenniumhotels.com] | Janlyn Mahlman [janlyn.mahlman@millenniumhotels.com];Howell Gaines [howell.gaines@aon.com];Amanda Roxland [amanda.roxland@aon.com];ddorfman@foxswibel.com;ksmithhaley@foxswibel.com;Tay Fui Bin [FuiBin.Tay@millenniumhotels.com];James Williams [james.williams@MILLENNIUMHOTELS.COM] | ACP | Confidential email chain exchanged among outside counsel, inside counsel, client, and claim recovery specialist retained by client under duty of confidentiality, providing, facilitating and requesting legal advice from outside and inside counsel regarding claim. |
| CTRL00000418 | 8/20/2019 14:23 | Adam Furmansky [adam.furmansky@aon.com] | Jonathon Grech [Jonathon.Grech@millenniumhotels.co.uk];YenYing Yee [YenYing.Yee@millenniumhotels.com] | Janlyn Mahlman [janlyn.mahlman@millenniumhotels.com];Howell Gaines [howell.gaines@aon.com];Amanda Roxland [amanda.roxland@aon.com];ddorfman@foxswibel.com;ksmithhaley@foxswibel.com;Tay Fui Bin [FuiBin.Tay@millenniumhotels.com];James Williams [james.williams@MILLENNIUMHOTELS.COM] | ACP | Confidential email chain exchanged among outside counsel, inside counsel, client, and claim recovery specialist retained by client under duty of confidentiality, providing, facilitating and requesting legal advice from outside and inside counsel regarding claim. |
| CTRL00000417 | 8/26/2019 21:05 | Adam Furmansky [adam.furmansky@aon.com] | Jonathon Grech [Jonathon.Grech@millenniumhotels.co.uk];YenYing Yee [YenYing.Yee@millenniumhotels.com] | Janlyn Mahlman [janlyn.mahlman@millenniumhotels.com];Howell Gaines [howell.gaines@aon.com];Amanda roxland [amanda.roxland@aon.com];ddorfman@foxswibel.com;Tay Fui Bin [FuiBin.Tay@millenniumhotels.com];James Williams [james.williams@MILLENNIUMHOTELS.COM] | ACP | Confidential email chain exchanged among outside counsel, inside counsel, client, and claim recovery specialist retained by client under duty of confidentiality, providing, facilitating and requesting legal advice from outside and inside counsel regarding claim. |
| CTRL00000903 | 8/26/2019 21:23 | Jonathon Grech [Jonathon.Grech@millenniumhotels.co.uk] | Adam Furmansky [adam.furmansky@aon.com] | YenYing Yee [YenYing.Yee@millenniumhotels.com];Janlyn Mahlman [janlyn.mahlman@millenniumhotels.com];Howell Gaines [howell.gaines@aon.com];Amanda Roxland [amanda.roxland@aon.com];ddorfman@foxswibel.com;ksmithhaley@foxswibel.com;Tay Fui Bin [FuiBin.Tay@millenniumhotels.com];James Williams [james.williams@MILLENNIUMHOTELS.COM] | ACP | Confidential email chain exchanged among outside counsel, inside counsel, client, and claim recovery specialist retained by client under duty of confidentiality, providing, facilitating and requesting legal advice from outside and inside counsel regarding claim. |
| CTRL00000698 | 9/17/2019 19:59 | Janlyn Mahlman [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=0CC3F9E06C14428FABFE863840137A122-JANLYN.MAHL] | Adam Furmansky [adam.furmansky@aon.com] | Howell Gaines [howell.gaines@aon.com] | ACP | Confidential email between client and claim recovery specialist forwarding and discussing confidential email chain exchanged among outside counsel, inside counsel, client, and claim recovery specialist retained by client under duty of confidentiality, providing, facilitating and requesting legal advice from outside and inside counsel regarding claim. |
| CTRL00000416 | 9/17/2019 20:04 | Janlyn Mahlman [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=0CC3F9E06C14428FABFE863840137A122-JANLYN.MAHL] | Janlyn Mahlman [janlyn.mahlman@millenniumhotels.com] | Howell Gaines [howell.gaines@aon.com];Amanda Roxland [amanda.roxland@aon.com] | ACP | Confidential email chain between client and claim recovery specialist forwarding and discussing confidential email chain exchanged among outside counsel, inside counsel, client, and claim recovery specialist retained by client under duty of confidentiality, providing, facilitating and requesting legal advice from outside and inside counsel regarding claim. |
| CTRL00000697 | 9/17/2019 20:05 | Janlyn Mahlman [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=0CC3F9E06C14428FABFE863840137A122-JANLYN.MAHL] | Adam Furmansky [adam.furmansky@aon.com] | Amanda Roxland [amanda.roxland@aon.com] | ACP | Confidential email chain between client and claim recovery specialist forwarding and discussing confidential email chain exchanged among outside counsel, inside counsel, client, and claim recovery specialist retained by client under duty of confidentiality, providing, facilitating and requesting legal advice from outside and inside counsel regarding claim. |
| CTRL00000415 | 9/20/2019 13:20 | Adam Furmansky [adam.furmansky@aon.com] | Howell Gaines [howell.gaines@aon.com];Janlyn Mahlman [janlyn.mahlman@millenniumhotels.com] | Jonathon Grech [Jonathon.Grech@millenniumhotels.co.uk] | ACP | Confidential email between inside counsel, client, and claim recovery specialist retained by client under duty of confidentiality, facilitating and reflecting legal advice from inside counsel regarding claim. |
| CTRL00000413 - CTRL00000414 | 9/24/2019 19:19 | Adam Furmansky [adam.furmansky@aon.com] | Janlyn Mahlman [janlyn.mahlman@millenniumhotels.com];Jonathon Grech [Jonathon.Grech@millenniumhotels.co.uk] | Howell Gaines [howell.gaines@aon.com];Amanda Roxland [amanda.roxland@aon.com] | ACP, AWP | Confidential email and attachment between inside counsel, client, and claim recovery specialist retained by client under duty of confidentiality, facilitating and reflecting legal advice from inside counsel regarding claim. |
| CTRL00000901 - CTRL00000902 | 9/25/2019 7:09 | Jonathon Grech [Jonathon.Grech@millenniumhotels.co.uk] | Adam Furmansky [adam.furmansky@aon.com];Janlyn Mahlman [janlyn.mahlman@millenniumhotels.com];YenYing Yee [YenYing.Yee@millenniumhotels.com];Tay Fui Bin [FuiBin.Tay@millenniumhotels.com];KitSung Yam [KitSung.Yam@millenniumhotels.com] | Howell Gaines [howell.gaines@aon.com];Amanda Roxland [amanda.roxland@aon.com];ddorfman@foxswibel.com | ACP | Confidential email and attachment between outside counsel, inside counsel, client, and claim recovery specialist retained by client under duty of confidentiality, providing, facilitating and reflecting legal advice from counsel regarding claim. |
| CTRL00000900 | 9/25/2019 12:12 | Dorfman, Daniel [ddorfman@foxswibel.com] | Jonathon Grech [Jonathon.Grech@millenniumhotels.co.uk];Adam Furmansky [adam.furmansky@aon.com];Janlyn Mahlman [janlyn.mahlman@millenniumhotels.com];YenYing Yee [YenYing.Yee@millenniumhotels.com];Tay Fui Bin [FuiBin.Tay@millenniumhotels.com];KitSung Yam [KitSung.Yam@millenniumhotels.com] | Howell Gaines [howell.gaines@aon.com];Amanda Roxland [amanda.roxland@aon.com] | ACP | Confidential email chain between outside counsel, inside counsel, client, and claim recovery specialist retained by client under duty of confidentiality, providing, facilitating and reflecting legal advice from counsel regarding claim. |

M&C HOLDINGS DELAWARE PARTNERSHIP, et al. v. GREAT AMERICAN INSURANCE COMPANY
Case No. 1:20-cv-00121
Plaintiff's Privilege Log
November 9, 2020

| Control Number | Date/Time Master | Email From | Email To | Email CC | Privilege Type | Reviewer Comments |
|---|---|---|---|---|---|---|
| CTRL00000411 | 9/25/2019 13:48 | Adam Furmansky [adam.furmansky@aon.com] | Jonathon Grech [Jonathon.Grech@millenniumhotels.co.uk];Janlyn Mahlman [janlyn.mahlman@millenniumhotels.com];YenYing Yee [YenYing.Yee@millenniumhotels.com];Tay Fui Bin [FuiBin.Tay@millenniumhotels.com];KitSung Yam [KitSung.Yam@millenniumhotels.com] | Howell Gaines [howell.gaines@aon.com];Amanda Roxland [amanda.roxland@aon.com];ddorfman@foxswibel.com | ACP | Confidential email and attachment between outside counsel, inside counsel, client, and claim recovery specialist retained by client under duty of confidentiality, providing, facilitating and reflecting legal advice from counsel regarding claim. |
| CTRL00000388 | 10/4/2019 19:58 | Adam Furmansky [adam.furmansky@aon.com] | YenYing Yee [YenYing.Yee@millenniumhotels.com] | Jonathon Grech [Jonathon.Grech@millenniumhotels.co.uk];Janlyn Mahlman [janlyn.mahlman@millenniumhotels.com];KitSung Yam [KitSung.Yam@millenniumhotels.com];Howell Gaines [howell.gaines@aon.com];Tay Fui Bin [FuiBin.Tay@millenniumhotels.com];Amanda Roxland [amanda.roxland@aon.com] | ACP | Confidential email between outside counsel, inside counsel, client, and claim recovery specialist retained by client under duty of confidentiality, facilitating, requesting, and reflecting legal advice from counsel regarding claim. |
| CTRL00000896 | 10/4/2019 20:05 | Dorfman, Daniel [ddorfman@foxswibel.com] | Adam Furmansky [adam.furmansky@aon.com];YenYing Yee [YenYing.Yee@millenniumhotels.com] | Jonathon Grech [Jonathon.Grech@millenniumhotels.co.uk];Janlyn Mahlman [janlyn.mahlman@millenniumhotels.com];KitSung Yam [KitSung.Yam@millenniumhotels.com];Howell Gaines [howell.gaines@aon.com];Tay Fui Bin [FuiBin.Tay@millenniumhotels.com];Amanda Roxland [amanda.roxland@aon.com] | ACP | Confidential email chain between outside counsel, inside counsel, client, and claim recovery specialist retained by client under duty of confidentiality, facilitating, reflecting, and requesting legal advice from counsel regarding claim. |
| CTRL00000387 | 10/4/2019 20:27 | Adam Furmansky [adam.furmansky@aon.com] | ddorfman@foxswibel.com;YenYing Yee [YenYing.Yee@millenniumhotels.com] | Jonathon Grech [Jonathon.Grech@millenniumhotels.co.uk];Janlyn Mahlman [janlyn.mahlman@millenniumhotels.com];KitSung Yam [KitSung.Yam@millenniumhotels.com];Howell Gaines [howell.gaines@aon.com];Tay Fui Bin [FuiBin.Tay@millenniumhotels.com];Amanda Roxland [amanda.roxland@aon.com] | ACP | Confidential email chain between outside counsel, inside counsel, client, and claim recovery specialist retained by client under duty of confidentiality, facilitating, reflecting, and requesting legal advice from counsel regarding claim. |
| CTRL00000386 | 10/7/2019 17:54 | Adam Furmansky [adam.furmansky@aon.com] | ddorfman@foxswibel.com;YenYing Yee [YenYing.Yee@millenniumhotels.com] | Jonathon Grech [Jonathon.Grech@millenniumhotels.co.uk];Janlyn Mahlman [janlyn.mahlman@millenniumhotels.com];KitSung Yam [KitSung.Yam@millenniumhotels.com];Howell Gaines [howell.gaines@aon.com];Tay Fui Bin [FuiBin.Tay@millenniumhotels.com];Amanda Roxland [amanda.roxland@aon.com] | ACP | Confidential email chain between outside counsel, inside counsel, client, and claim recovery specialist retained by client under duty of confidentiality, facilitating, reflecting, and requesting legal advice from counsel regarding claim. |
| CTRL00000895 | 10/7/2019 21:57 | Dorfman, Daniel [ddorfman@foxswibel.com] | Adam Furmansky [adam.furmansky@aon.com];YenYing Yee [YenYing.Yee@millenniumhotels.com] | Jonathon Grech [Jonathon.Grech@millenniumhotels.co.uk];Janlyn Mahlman [janlyn.mahlman@millenniumhotels.com];KitSung Yam [KitSung.Yam@millenniumhotels.com];Howell Gaines [howell.gaines@aon.com];Tay Fui Bin [FuiBin.Tay@millenniumhotels.com];Amanda Roxland [amanda.roxland@aon.com] | ACP | Confidential email chain between outside counsel, inside counsel, client, and claim recovery specialist retained by client under duty of confidentiality, providing, facilitating, reflecting, and requesting legal advice from counsel regarding claim. |
| CTRL00000382 - CTRL00000385 | 10/7/2019 22:12 | Adam Furmansky [adam.furmansky@aon.com] | ddorfman@foxswibel.com | YenYing Yee [YenYing.Yee@millenniumhotels.com];Jonathon Grech [Jonathon.Grech@millenniumhotels.co.uk];Janlyn Mahlman [janlyn.mahlman@millenniumhotels.com];KitSung Yam [KitSung.Yam@millenniumhotels.com];Howell Gaines [howell.gaines@aon.com];Tay Fui Bin [FuiBin.Tay@millenniumhotels.com];Amanda Roxland [amanda.roxland@aon.com] | ACP | Confidential email chain and attachment between outside counsel, inside counsel, client, and claim recovery specialist retained by client under duty of confidentiality, facilitating, reflecting, and requesting legal advice from counsel regarding claim. |

M&C HOLDINGS DELAWARE PARTNERSHIP, et al. v. GREAT AMERICAN INSURANCE COMPANY
Case No. 1:20-cv-00121
Plaintiff's Privilege Log
November 9, 2020

| Control Number | DateTime Master | Email From | Email To | Email CC | Privilege Type | Reviewer Comments |
|---|---|---|---|---|---|---|
| CTRL00000581 | 10/10/2019 16:45 | Adam Furmansky [adam.furmansky@aon.com] | ddorfman@foxswibel.com;YenYing Yee [YenYing.Yee@millenniumhotels.com] | Jonathon Grech [Jonathon.Grech@millenniumhotels.co.uk];Janlyn Mahlman [janlyn.mahlman@millenniumhotels.com];KitSung Yam [KitSung.Yam@millenniumhotels.com];Howell Gaines [howell.gaines@aon.com];Tay Fui Bin [FuiBin.Tay@millenniumhotels.com];Amanda Roxland [amanda.roxland@aon.com] | ACP | Confidential email chain between outside counsel, inside counsel, client, and claim recovery specialist retained by client under duty of confidentiality, providing, facilitating, reflecting, and requesting legal advice from counsel regarding claim. |