# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| M&C HOLDINGS DELAWARE PARTNERSHIP, et al., | Case No. 1:20-cv-00121-SJD |
| Plaintiffs, | Judge Susan J. Dlott |
| v. | |
| GREAT AMERICAN INSURANCE COMPANY, | |
| Defendant. | |

## JOINT MOTION FOR EXTENSION OF
## FACT DISCOVERY DEADLINE PENDING POTENTIAL SETTLEMENT

Now come all parties to this case, by and through their respective counsel, and hereby jointly move this Court, pursuant to Federal Rule of Civil Procedure 16(b)(4) and Local Rule 7.3, for an Order extending the discovery deadline from December 1, 2021 to January 31, 2022, in order to facilitate a formalized settlement reached in principle between the parties. In support of their joint motion, the parties state as follows:

1. Plaintiffs (collectively, "Millennium") brought this suit to recover under a certain crime protection insurance policy (the "Policy") issued by defendant Great American Insurance Company ("Defendant" or "Great American").  By Order dated February 8, 2021 [Dkt. 48] the Court granted Millennium's motion for partial summary judgment ruling, *inter alia*, that the claimed loss was covered under the terms of Policy, but that issues of fact remained as to Millennium's claim for bad faith and Great American's affirmative defense that Millennium's suit was time-barred under the Policy's limitations clause.

2. By Minute Entry, dated July 27, 2021 ("Discovery Order"), the Court, *inter alia*, ordered a fact discovery cutoff of December 1, 2021, an expert discovery cutoff of July 1, 2022 and deadline for summary judgment motions of August 1, 2022.  Jury trial is set for March 6, 2023. [Dkt. 54.]

3. On November 24, 2021, the parties agreed in principle to a settlement.  Though the parties have not yet reached agreement on the precise procedural mechanisms to effectuate their compromise, generally the settlement will involve: (i) Plaintiffs' dismissal of their bad faith claims; (ii) Defendant's dismissal of defenses based upon the limitation clause and/or that are unrelated to the issue of coverage; (iii) other stipulations and/or filings yet to be determined; and (iv) a consent judgment to facilitate jurisdiction for an appeal by Great American concerning the Court's ruling that Millennium's claim is a covered "loss".  (The foregoing is intended to be a general description that omits confidential details such as any monetary consideration to be exchanged.)

4. As of the date of this motion, document and written discovery has been completed, but approximately four (4) scheduled depositions have not yet been concluded.

5. While the parties are confident that an effective settlement will ultimately be agreed to and effectuated, the contemplated settlement structure is relatively novel and will require more attention from counsel than a typical settlement ordinarily would.  In the meanwhile, the parties hope to avoid the additional expense of depositions that will likely prove to be unnecessary while preserving their rights for the Court to supervise any further depositions in the event they become necessary.

6. In addition, the parties have been informed that due to family emergency, non-party Adam Furmansky, who is under subpoena, is unavailable to sit for his deposition that was scheduled for a date within the fact discovery time period.

7. Federal Rule of Civil Procedure 16(b)(4) provides that: "A schedule may be modified only for good cause with the judge's consent." Local Rule 7.3, in turn, provides that such a motion for an extension of time can be sought by consent of the parties, so long as it is accompanied by a proposed order prescribed by Local Rule 7.4.

8. The parties respectfully submit that good cause exists for the extension of the fact discovery cutoff from December 1, 2021 to **January 31, 2022**. As described above, the parties have agreed to a settlement in principle that will likely obviate the need to take additional depositions and the concomitant expense. The parties respectfully submit that the requested extension of the fact discovery deadline is warranted in order to devote their attention to working out their settlement agreement while preserving their rights for the Court to supervise discovery in the unlikely event settlement discussions break down. In addition, a vital non-party witness, Adam Furmansky, cannot sit for his deposition during the existing discovery timeline because of exigent circumstances.

9. Finally, the extension, if granted, would not affect trial or the other deadlines set by the Court's July 27, 2021 order. If formal settlement has not been reached before then, the parties will complete the depositions on or before January 31, 2022. Further, the parties will work in good faith to establish dates for exchanges of any expert disclosures so as to ensure expert discovery will be completed by the present July 1, 2022 deadline set by the Discovery Order.

For all of the foregoing reasons, the undersigned respectfully request that the Court enter an Order extending the deadline for completion of fact discovery to January 31, 2022 in accordance with the proposed Order submitted as Exhibit A hereto.

Dated: November 30, 2021

Respectfully submitted,

| | |
|---|---|
| /s/ Bryce A. Lenox<br>Attorney for Plaintiffs | /s/ Stephen N. Dratch per 11/30/21 email authorization<br>Attorney for Defendant |
| Daniel A. Dorfman (admitted pro hac vice)<br>David J. Ogles (admitted pro hac vice)<br>FOX SWIBEL LEVIN & CARROLL LLP<br>200 W. Madison Street, Suite 3000<br>Chicago, IL 60606<br>ddorfman@foxswibel.com<br>dogles@foxswibel.com | James Papakirk (0063862)<br>Hallie S. Borellis (0076510)<br>Flagel & Papakirk LLC<br>50 E-Business Way, Suite 410<br>Cincinnati, OH  45241<br>Phone:  513-984-8111<br>Fax:  513-984-8118<br>jpapakirk@fp-legal.com<br>hborellis@fp-legal.com |
| Bryce A. Lenox<br>THE LAW OFFICE OF BRYCE A. LENOX, ESQ. LLC<br>3825 Edwards Road, Suite 103<br>Cincinnati, OH 45209<br>bryce@brycelenoxlaw.com | and |
| *Counsel for Millennium Plaintiffs* | Stephen N. Dratch (admitted pro hac vice)<br>Daniel Lebersfeld (admitted pro hac vice)<br>The Dratch Law Firm, P.C.<br>354 Eisenhower Pkwy.<br>Livingston, NJ  07039<br>Phone:  973-992-3700<br>Fax:  973-994-0139<br>sdratch@njcounsel.com<br>dlebersfeld@gmail.com<br><br>*Counsel for Defendant Great American Insurance Company* |